UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joseph A. Kinsella, as Administrator and
personal representative of the Estate of
Katherine Kinsella, and Joseph A. Kinsella,
individually and on behalf of all distributees of
Katherine Kinsella, deceased,

    Plaintiffs

v.

Wyman Charter Corp., Michael P. Wyman,
Joseph Jay Shore, Cord Mitchell Shore,
Caralyn Shore, Toad Hall Corp., Ian
McColgin, the Motor Vessel "Sea Genie II,"
her engines, tackle and appurtenances, in rem,
the Sailing Vessel "Granuaile," her engines,
tackle and appurtenances, in rem,

    Defendants.

04 11615 NMG

Civil Action No.:

**COMPLAINT & JURY DEMAND**

PLAINTIFFS DEMAND TRIAL BY JURY
ON ALL CLAIMS

RECEIPT # 57417
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7/20/04

    Plaintiff, Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased, by their attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Friedman & James LLP, allege as follows:

**Nature of Action:**

    1.    This action seeks recovery for maritime personal injuries and wrongful death as a result of the tragic death of Katherine Kinsella on or about July 22-23, 2001 while a passenger on board the Motor Vessel "Sea Genie II" subsequent to its collision with the Sailing Vessel "Granuaile" within the territorial waters of the Commonwealth of Massachusetts.

**Jurisdiction and Venue:**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

3. This Court also has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. § 1333.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claim occurred in this District.

**The Parties:**

5. Plaintiffs' decedent, Katherine Kinsella, was at all relevant times a citizen of the Republic of Ireland.

6. Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

7. Defendant Wyman Charter Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located 66 Channel Point Road, Hyannis, Massachusetts.

8. Defendant Michael P. Wyman was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

9. Defendant Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

10. Defendant Cord Mitchell Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

11. Defendant Caralyn Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

12. Defendant Toad Hall Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 316 Sea Street, Hyannis, Massachusetts.

13. Defendant Ian McColgin was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

14. The Motor Vessel "Sea Genie II" was and still is a United States flagged vessel having an overall registered length of 58' and is now or will be during the pendency of this action within this district and within the jurisdiction of this Court.

15. The Sailing Vessel "Granuaile" was and still is a United States flagged vessel having an overall length of 55' and is now or will be during the pendency of this action within the jurisdiction of this Court.

**Allegations Common to All Causes of Action:**

16. At all relevant times, defendant Wyman Charter Corp. owned the Motor Vessel "Sea Genie II."

17. At all relevant times, defendant Michael P. Wyman owned the Motor Vessel "Sea Genie II."

18. At all relevant times, defendant Joseph Jay Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

19. At all relevant times, defendant Cord Mitchell Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

20. At all relevant times, defendant Caralyn Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

21. At all relevant times, defendant Toad Hall Corp. was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

22. At all relevant times, defendant Wyman Charter Corp. operated the Motor Vessel "Sea Genie II."

23. At all relevant times, defendant Michael P. Wyman operated the Motor Vessel "Sea Genie II."

24. At all relevant times, defendant Joseph Jay Shore operated the Motor Vessel "Sea Genie II."

25. At all relevant times, defendant Cord Mitchell Shore operated the Motor Vessel "Sea Genie II."

26. At all relevant times, defendant Caralyn Shore operated the Motor Vessel "Sea Genie II."

27. At all relevant times, defendant Toad Hall Corp. operated the Motor Vessel "Sea Genie II."

28. At all relevant times, defendant Wyman Charter Corp. controlled the Motor Vessel "Sea Genie II."

29. At all relevant times, defendant Michael P. Wyman controlled the Motor Vessel "Sea Genie II."

30. At all relevant times, defendant Joseph Jay Shore controlled the Motor Vessel "Sea Genie II."

31. At all relevant times, defendant Cord Mitchell Shore controlled the Motor Vessel "Sea Genie II."

32. At all relevant times, defendant Caralyn Shore controlled the Motor Vessel "Sea Genie II."

33. At all relevant times, defendant Toad Hall Corp. controlled the Motor Vessel "Sea Genie II."

34. At all relevant times, defendant Wyman Charter Corp. managed the Motor Vessel "Sea Genie II."

35. At all relevant times, defendant Michael P. Wyman managed the Motor Vessel "Sea Genie II."

36. At all relevant times, defendant Joseph Jay Shore managed the Motor Vessel "Sea Genie II."

37. At all relevant times, defendant Cord Mitchell Shore managed the Motor Vessel "Sea Genie II."

38. At all relevant times, defendant Caralyn Shore managed the Motor Vessel "Sea Genie II."

39. At all relevant times, defendant Toad Hall Corp. managed the Motor Vessel "Sea Genie II."

40. At all relevant times, defendant Joseph Jay Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

41. At all relevant times, defendant Cord Mitchell Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

42. At all relevant times, defendant Caralyn Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

43. At all relevant times, defendant Toad Hall Corp. chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

44. At all relevant times, defendant Ian McColgin owned, operated, managed and/or controlled the Sailing Vessel "Granuaile."

45. On or about July 22, 2001, plaintiff's decedent, Katherine Kinsella, boarded the Motor Vessel "Sea Genie II" as a passenger within the Commonwealth of Massachusetts.

46. On or about July 22, 2001, the Motor Vessel "Sea Genie II" was caused to collide with the Sailing Vessel "Granuaile" at or about Hyannis Harbor within the territorial waters of the Commonwealth of Massachusetts, causing damage to the Motor Vessel "Sea Genie II."

47. As a result of the collision as aforesaid, the damages sustained, and the ensuing maneuvering by the Motor Vessel "Sea Genie II," plaintiff's decedent Katherine Kinsella was caused to fall overboard from the Motor Vessel "Sea Genie II."

48. As a result thereof, plaintiff's decedent Katherine Kinsella was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in her death by drowning within the territorial waters of the Commonwealth of Massachusetts.

## FIRST CAUSE OF ACTION
(negligence against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp. and/or Motor Vessel "Sea Genie II," in rem)

49. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if set forth at length herein.

50. The injuries to and ensuing death of the plaintiffs' decedent Katherine Kinsella were caused as a direct and proximate result of the breach and violation of the duty of care owed to plaintiffs' decedent by defendants Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp. and/or Motor Vessel "Sea Genie II," their agents and/or employees by, among other things, allowing and/or permitting the number of passengers on board to exceed the vessel's licensed capacity and providing fewer than adequate life preservers or other rescue and safety devices; failing to properly man, maintain, monitor and navigate the Motor Vessel "Sea Genie II, thereby allowing said vessel to collide with the Sailing Vessel "Granuaile;" failing to maintain a proper lookout; failing to promptly repair and warn passengers of damage to the Motor Vessel "Sea Genie II" after the collision as aforesaid; failing to conduct a proper and timely search and rescue operation upon becoming aware that plaintiffs' decedent was missing and hearing decedent's futile cries for help; failing to notify in a proper and timely manner Coast Guard and/or other rescue personnel who could have saved plaintiffs' decedent from her untimely demise; allowing the unauthorized and unlawful sale and consumption of alcohol to minors on board the Motor Vessel "Sea Genie II;" and such other and further acts of negligence to be proven at trial, all without any fault of plaintiffs' decedent.

51. As a result of the foregoing, plaintiffs have sustained damages, including but not limited to (a) the terror and agonizing physical, mental and emotional pain and suffering

7

and fear of impending death experienced by Katherine Kinsella prior to her death by drowning; (b) the loss to her surviving parents and siblings of the reasonable expectation of pecuniary benefits and support that would have resulted from the continued life of the decedent; (c) funeral, rescue, medical and repatriation expenses; (d) loss of services of sister and daughter; (e) loss of estate of the decedent accumulated reasonably from the continued life of the decedent; (f) loss of society, including, but not limited to, loss of love, companionship, attention, care, comfort and affection; (g) interest from the date of death; and (h) other damages, including punitive damages, permitted by all applicable laws.

## SECOND CAUSE OF ACTION
### (negligence against Ian McColgin and the Sailing Vessel "Granuaile," in rem

52. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if set forth at length herein.

53. The injuries to and ensuing death of the plaintiffs' decedent Katherine Kinsella were caused as a direct and proximate result of the breach and violation of the duty of care owed by defendant Ian McColgin and the Sailing Vessel "Granuaile" by, among other things, failing to properly mark the Sailing Vessel "Granuaile," at anchorage at or about Hyannis Harbor; failing to properly moor the Sailing Vessel "Granuaile;" and such other, further and different acts of negligence to be proven at trial, all without any fault of plaintiffs' decedent.

53. As a result of the foregoing, plaintiffs have sustained damages, including but not limited to (a) the terror and agonizing physical, mental and emotional pain and suffering and fear of impending death experienced by Katherine Kinsella prior to her death by drowning; (b) the loss to her surviving parents and siblings of the reasonable expectation of pecuniary benefits and support that would have resulted from the continued life of the decedent; (c) funeral,

rescue, medical and repatriation expenses; (d) loss of services of sister and daughter; (e) loss of estate of the decedent accumulated reasonably from the continued life of the decedent; (f) loss of society, including, but not limited to, loss of love, companionship, attention, care, comfort and affection; (g) interest from the date of death; and (h) other damages, including punitive damages, permitted by all applicable laws.

WHEREFORE, plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, demands judgment against defendants, or any of them, for damages in an amount to be determined by a jury, along with punitive damages in an amount to be determined by a jury, together with interest and the costs and disbursements of maintaining this action, along with such other and further relief as the Court deems just and proper.

Dated: July __, 2004

> Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,
>
> By their attorneys,
>
> _/s/ Sarah B. Herlihy_
> Sarah B. Herlihy, BBO #640531
> Mintz, Levin, Cohn, Ferris,
>   Glovsky and Popeo, P.C.
> One Financial Center
> Boston, MA 02111
> (617) 542-6000
> (617) 542-2241 (facsimile)
>
> Of Counsel, and

9

_____
Andrew V. Buchsbaum
Friedman & James LLP
132 Nassau Street
New York, NY 10038
(212) 233-9385
(212) 619-2340 (facsimile)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased

(b) County of Residence of First Listed Plaintiff **Foreign - Ireland**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem

County of Residence of First Listed (IN U.S. PLAINTIFF CASES ONLY) **Barnstable**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sarah B. Herlihy, BBO #640531, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111; (617) 542-6000; Of Counsel: Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038 (212) 233-9385

Attorneys (If Known)

04 11615 NMG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Marine Personal Injury/Wrongful Death

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 7-20-04
SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, et al. v. Wyman Charter Corp., et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☒  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Sarah B. Herlihy, Esq. (BBO #640531)
ADDRESS           Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
                  One Financial Center, Boston, MA 02111
TELEPHONE NO.     (617) 542-6000

(Coversheetlocal.wpd - 10/17/02)