UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. KINSELLA, As Administrator<br>And Personal Representative Of The<br>Estate of Katherine Kinsella, And<br>JOSEPH A. KINSELLA, Individually And<br>On Behalf Of All Distributees Of<br>Katherine Kinsella, Deceased, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 04-11615-NMG |
| WYMAN CHARTER CORP.,<br>MICHAEL P. WYMAN, JOSEPH SHORE,<br>CORD SHORE, CAROLYN SHORE,<br>TOAD HALL CORP., IAN McCOLGIN,<br>THE MOTOR VESSEL *"SEA GENIE II"*,<br>Her Engines, Tackle And Appurtenances,<br>*In Rem*, and The Sailing Vessel<br>*"Granuaile"*, Her Engines, Tackle And<br>Appurtenances, *In Rem*, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ANSWER WITH DEFENSES
## BY DEFENDANT CAROLYN SHORE

Defendant Carolyn Shore hereby responds to the numbered allegations of the Complaint in this matter as follows.

1.    States that paragraph 1 is a description of the civil action and requires no response; to the extent any response is required, is without sufficient information to admit or deny the allegations ("is without sufficient information").

2.    Is without sufficient information.

3.    Is without sufficient information.

4.    Is without sufficient information.

5.    Is without sufficient information.

6.    Is without sufficient information.

7.    Admits that Wyman Charter Corp. on information is a corporation, and otherwise is without sufficient information.

8.    Admits that Michael P. Wyman is a natural person, and otherwise is without sufficient information.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admits that Toad Hall Corp. on information was a corporation, and otherwise is without sufficient information.

13.    Is without sufficient information.

14.    Admits the named vessel was registered and was of approximately the length described; otherwise is without sufficient information.

15.    Is without sufficient information.

16.    Is without sufficient information.

17.    Is without sufficient information.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.     Is without sufficient information.

23.     Is without sufficient information.

24.     Admits that defendant Shore was employed as the master of the named vessel; otherwise, denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Is without sufficient information.

29.     Is without sufficient information.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Is without sufficient information.

35.     Is without sufficient information.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.    Is without sufficient information.

45.    Is without sufficient information.

46.    Is without sufficient information.

47.    Denies any allegation of wrongdoing or any failure of duty; otherwise is without sufficient information.

48.    Is without sufficient information.

## FIRST CAUSE OF ACTION.

49.    Repeats and incorporates all prior allegations.

50.    Denied.

51.    Denies liability and is without sufficient information.

## SECOND CAUSE OF ACTION.

52.    Repeats and incorporates all prior allegations.

53.    Is without sufficient information.

53.    [Duplicate numbering of 53.] Is without sufficient information.

## FIRST DEFENSE.

54.    The Complaint fails to state a claim for relief as to this defendant.

## SECOND DEFENSE.

55.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part because any damage or alleged wrongdoing was caused entirely or solely by persons other than this defendant for whom this defendant is not liable.

## THIRD DEFENSE.

56.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part by reason of the doctrine of contributory negligence imposing a bar against plaintiff for negligence of fifty percent or more.

## FOURTH DEFENSE.

57.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part by the superseding negligence of one or more persons for whom this defendant is not liable.

## FIFTH DEFENSE.

58.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part on the basis that if there was any relevant act or omission of this defendant, which is not admitted, that act was not the proximate or actual cause of the alleged wrongdoing.

## SIXTH DEFENSE.

59.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part by the doctrine of comparative negligence.

## SEVENTH DEFENSE.

60.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part by that form of the doctrine of contributory negligence whereby any degree of negligence whatsoever by plaintiff is a bar.

## EIGHTH DEFENSE.

61.    The Complaint or any recovery pursuant to the Complaint is barred by assumption of risk.

## NINTH DEFENSE.

62.    The Complaint or any recovery pursuant to the Complaint against the named defendant is barred in whole or in part because any conduct of defendant was authorized by a principal or corporation and within the scope of employment for the corporation.

## TENTH DEFENSE.

63.    The Complaint or any recovery pursuant to the Complaint is barred in whole or in part because defendant at all relevant times was the authorized employee or agent of a principal or employer or one or more other legal persons liable for any alleged wrongdoing.

## ELEVENTH DEFENSE.

64.    The Complaint should be dismissed for insufficiency of service of process.


WHEREFORE, defendant Carolyn Shore requests that the Complaint be dismissed, with costs and other appropriate relief.

Defendant,
CAROLYN SHORE
By her attorneys,

Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
617-406-4513

Dated: August 16, 2004

Certificate of Service

The undersigned counsel for defendants Shore, *et al.* today gave notice of the foregoing **Answer With Defenses By Defendant Carolyn Shore** by first-class mail to counsel for plaintiffs Kinsella, *et al.*, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111; and co-counsel, Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038.

Dated: 8/16/04

24100.0//00853812.