UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joseph A. Kinsella, as Administrator and )
personal representative of the Estate of )
Katherine Kinsella, and Joseph A. Kinsella, )
individually and on behalf of all distributees )
of Katherine Kinsella, deceased, )
                                                  )
Plaintiffs, )
                                                  )
V.                                                    )     Civil Action No. 04-11614-NMG

Wyman Charter Corp., Michael P. Wyman, )
Joseph Jay Shore, Cord Mitchell Shore, )
Caralyn Shore, Toad Hall Corp., Ian )
McColgin, the Motor Vessel "Sea Genie II," )
her engines, tackle and appurtenances, )
in rem, the Sailing Vessel "Granuaile," )
her engines, tackle and appurtenances, )
in rem, )
                                                  )
Defendants. )

## ANSWER AND CROSS-CLAIMS OF
## DEFENDANT WYMAN CHARTER CORP.

**Nature of Action:**

1.    The allegations in paragraph 1 of plaintiffs' Complaint contain a conclusion of law to which no response is due. To the extent a response is due, the allegations are denied.

**Jurisdiction and Venue:**

2.    The allegations in paragraph 2 of plaintiffs' Complaint contain a conclusion of law to which no response is due. To the extent a response is due, the allegations are denied.

3.    The allegations in paragraph 3 of plaintiffs' Complaint contain a conclusion of law to which no response is due. To the extent a response is due, the allegations are denied.

4.    The allegations in paragraph 4 of plaintiffs' Complaint contain a conclusion of law to which no response is due. To the extent a response is due, the allegations are denied.

**The Parties:**

5.     Defendant Wyman Charter Corp. "Wyman Charter") is without knowledge sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies same.

6.     Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 6 and therefore denies same.

7.     Defendant Wyman Charter admits that it is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts. The defendant Wyman Charter denies all remaining allegations contained in paragraph 7.

8.     Defendant Wyman Charter admits the allegations in paragraph 8.

9.     Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 9 and therefore denies same.

10.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 10 and therefore denies same.

11.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 11 and therefore denies same.

12.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 12 and therefore denies same.

13.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 13 and therefore denies same.

14.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 14 and therefore denies same.

15.    Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in paragraph 15 and therefore denies same.

**Allegations Common to All Causes of Action:**

16.    Defendant Wyman Charter admits the allegations in paragraph 16.

17.    Defendant Wyman Charter denies the allegations in paragraph 17.

18.    Defendant Wyman Charter denies the allegations in paragraph 18.

19.    Defendant Wyman Charter denies the allegations in paragraph 19.

20.    Defendant Wyman Charter denies the allegations in paragraph 20.

21. Defendant Wyman Charter denies the allegations in paragraph 21.

22. Defendant Wyman Charter denies the allegations in paragraph 22.

23. Defendant Wyman Charter denies the allegations in paragraph 23.

24. Defendant Wyman Charter denies the allegations in paragraph 24.

25. Defendant Wyman Charter denies the allegations in paragraph 25.

26. Defendant Wyman Charter denies the allegations in paragraph 26.

27. Defendant Wyman Charter denies the allegations in paragraph 27.

28. Defendant Wyman Charter denies the allegations in paragraph 28.

29. Defendant Wyman Charter denies the allegations in paragraph 29.

30. Defendant Wyman Charter denies the allegations in paragraph 30.

31. Defendant Wyman Charter denies the allegations in paragraph 31.

32. Defendant Wyman Charter denies the allegations in paragraph 32.

33. Defendant Wyman Charter denies the allegations in paragraph 33.

34. Defendant Wyman Charter denies the allegations in paragraph 34.

35. Defendant Wyman Charter denies the allegations in paragraph 35.

36. Defendant Wyman Charter denies the allegations in paragraph 36.

37. Defendant Wyman Charter denies the allegations in paragraph 37.

38. Defendant Wyman Charter denies the allegations in paragraph 38.

39. Defendant Wyman Charter denies the allegations in paragraph 39.

40. Defendant Wyman Charter denies the allegations in paragraph 40.

41. Defendant Wyman Charter denies the allegations in paragraph 41.

42. Defendant Wyman Charter denies the allegations in paragraph 42.

43. Defendant Wyman Charter denies the allegations in paragraph 43.

44. Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 44 and therefore denies same.

45. Defendant Wyman Charter admits that Katherine Kinsella was onboard the Motor Vessel "SEA GENIE II" on or about July 22, 2001. The defendant Wyman Charter denies all remaining allegations contained in paragraph 45.

46. Defendant Wyman Charter admits the allegations in paragraph 46.

47. Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 47 and therefore denies same.

48. Defendant Wyman Charter is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 48 and therefore denies same.

## FIRST CAUSE OF ACTION

49. Defendant Wyman Charter repeats and realleges its answers to paragraphs 1 through 48 inclusive as if fully set out herein.

50. Defendant Wyman Charter denies the allegations in paragraph 50 specific to Wyman Charter only. Defendant Wyman Charter is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 50 and therefore denies same.

51. Defendant Wyman Charter denies the allegations in paragraph 51 specific to Wyman Charter only. Defendant Wyman Charter is without knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 51 and therefore denies same.

## SECOND CAUSE OF ACTION

52. Defendant Wyman Charter repeats and realleges its answers to paragraphs 1 through 51 inclusive as if fully set out herein.

53. This Second Cause of Action is not directed at defendant Wyman Charter and requires no answer by defendant Wyman Charter. To the extent any answer is required defendant Wyman Charter denies the allegations in paragraph 53.

53. (sic)This Second Cause of Action is not directed at defendant Wyman Charter and requires no answer by defendant Wyman Charter. To the extent any answer is required defendant Wyman Charter denies the allegations in paragraph 53(sic).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And answering further as a first and separate and affirmative defense, defendant states that plaintiff's injuries were caused by the willful misconduct of plaintiff for which said defendant is not responsible.

### SECOND AFFIRMATIVE DEFENSE

And answering further as a second separate and affirmative defense, defendant states that if the plaintiff were injured as alleged, which is denied, said injuries were caused or contributed to by the plaintiff's own negligence and, therefore, plaintiff can recover nothing, or, alternatively, any recovery should be reduced by the degree of the plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE

And answering further as a third separate and affirmative defense, defendant states that if the plaintiff were injured as alleged, which is denied, said injuries were caused by an act or acts of a third person or persons of which the defendant had no knowledge and over which the defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

And answering further as a fourth separate and affirmative defense, defendant states that if the plaintiff were injured as alleged, which is denied, said injuries were caused by an act of God and/or force majeure.

### FIFTH AFFIRMATIVE DEFENSE

And answering further as a fifth separate and affirmative defense, defendant states that plaintiffs claim of jury trial be stricken, as plaintiffs are not entitled to a jury trial in this Court.

### SIXTH AFFIRMATIVE DEFENSE

And answering further as a sixth separate and affirmative defense, defendant states that if the plaintiff were injured as alleged, which is denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America of and concerning Limitation of Liability of the defendant, including 46 U.S.C. §183(b).

### SEVENTH AFFIRMATIVE DEFENSE

And answering further as a seventh separate and affirmative defense, defendant states that any injury to the plaintiff resulted from assumption of risk, which the plaintiff assumed.

## EIGHTH AFFIRMATIVE DEFENSE

And answering further as an eighth separate and affirmative defense, defendant states that the plaintiff's complaint fails to set forth a cause of action upon which relief can be granted.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, JOSEPH J. SHORE

1. Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2. Co-Defendant, Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3. Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4. Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5. If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Joseph Jay Shore, amongst others, in his control and operation of the Motor Vessel "SEA GENIE II".

6. If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Joseph Jay Shore for any sums it is ordered to pay the plaintiff.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, CORD MITCHELL SHORE

1. Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2. Co-Defendant, Cord Mitchell Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.  Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.  Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.  If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Cord Mitchell Shore, amongst others, in his control and operation of the Motor Vessel "SEA GENIE II".

6.  If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Cord Mitchell Shore for any sums it is ordered to pay the plaintiff.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, CARALYN SHORE

1.  Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2.  Co-Defendant, Caralyn Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.  Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.  Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.  If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Caralyn Shore, amongst others, in her control and operation of the Motor Vessel "SEA GENIE II".

6.  If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is

entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Caralyn Shore for any sums it is ordered to pay the plaintiff.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, TOAD HALL CORP.

1. Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2. Co-Defendant, Toad Hall Corp. ("Todd Hill") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 316 Sea Street, Hyannis, Massachusetts.

3. Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4. Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5. If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Toad Hall Corp., amongst others, in its control and operation of the Motor Vessel "SEA GENIE II".

6. If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Toad Hall Corp. for any sums it is ordered to pay the plaintiff.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, IAN MCCOLGIN

1. Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2. Co-Defendant, Ian McColgin was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.  Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.  Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.  If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Ian McColgin, amongst others, in his control and operation of the Sailing Vessel "GRANUAILE".

6.  If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Ian McColgin for any sums it is ordered to pay the plaintiff.

## CROSS-CLAIM OF DEFENDANT, WYMAN CHARTER CORP. AGAINST CO-DEFENDANT, IN REM, SAILING VESSEL "GRANUAILE"

1.  Defendant, Wyman Charter Corp. ("Wyman Charter") was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 1418 Commonwealth Avenue, Newton, Massachusetts.

2.  Co-Defendant, in rem, the Sailing Vessel "GRANUAILE" ("S/V GRANUAILE") was and still is a United States flagged vessel having an overall length of 55' and is now or will be during the pendency of this action within the jurisdiction of this Court.

3.  Plaintiff, Joseph A. Kinsella, alleges that he, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.  Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.  If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Wyman Charter, but the negligence of Co-Defendant, Ian McColgin, amongst others, in his control and operation of the Co-Defendant, in rem, the Sailing Vessel "GRANUAILE".

6.  If Wyman Charter is found to be responsible in whole or in part for any damages awarded the plaintiff, Wyman Charter under the principles of contribution and/or indemnification is

entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, in rem, the Sailing Vessel "GRANUAILE" for any sums it is ordered to pay the plaintiff.

**DEFENDANT WYMAN CHARTER CORP. DEMANDS TRIAL BY JURY AS TO ITS ANSWER AND CROSS-CLAIMS IN THE EVENT PLAINTIFF IS ENTITLED TO TRIAL BY JURY.**

                            Wyman Charter Corp.
                            By its attorneys,

                            */s/ Bertram E. Snyder*
                            Bertram E. Snyder, Esq. BBO # 471320
                            Patrick O. McAleer BBO # 642627
                            LOONEY & GROSSMAN, LLP
                            101 Arch Street
                            Boston, MA   02110
                            (617) 951-2800

Dated: August 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August 2004, I served the foregoing, by mailing a copy thereof, postage prepaid, to the following counsel of record:

>Andrew V. Buchsbaum, Esq.
>Friedman & James LLP
>132 Nassau Street
>New York, NY 10038
>
>Sarah B. Herlihy, Esq.
>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
>One Financial Center
>Boston, MA 02111
>
>Paul G. Boylan, Esq.
>Kevin G. Kenneally, Esq.
>Donovan & Hatem, LLP
>World Trade Center
>Two Seaport Lane, 8th Floor
>Boston, MA 02210

_____
Patrick O. McAleer