

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator And Personal Representative Of The Estate of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased,<br>     Plaintiffs,<br><br>v.<br><br>WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH SHORE, CORD SHORE, CARYLYN SHORE, TOAD HALL CORP., IAN McCOLGIN, THE MOTOR VESSEL "SEA GENIE II", Her Engines, Tackle And Appurtenances, *In Rem*, and The Sailing Vessel "*Granuaile*", Her Engines, Tackle And Appurtenances, *In Rem*,<br>     Defendants. | CIVIL ACTION NO. 04-11615-NMG |

### ANSWER BY SHORE DEFENDANTS TO CROSSCLAIMS BY WYMAN CHARTER CORP. WITH CROSSCLAIMS

Defendants Joseph Shore, Cord Shore, Carylyn Shore, and Toad Hall Corp. (each and together, "Shore defendants") hereby answer the crossclaims by Wyman Charter Corp. as follows, each referring to the numbered paragraphs of the respective crossclaims against each.

1.  Is without sufficient information and therefore denied (hereinafter "is without sufficient information").

2. Admitted.

3. Is without sufficient information.

4. Is without sufficient information.

5. Denied.

6. Denied.

## FIRST DEFENSE.

7. Any purported Wyman crossclaim states no claim for relief.

## SECOND DEFENSE.

8. Any purported Wyman crossclaim is barred by reason of estoppel.

## THIRD DEFENSE.

9. Any purported Wyman crossclaim is barred by express agreement.

## FOURTH DEFENSE.

10. Any purported Wyman crossclaim is barred by promissory estoppel or agreement implied in fact, or course of dealing.

## FIFTH DEFENSE.

11. Any purported Wyman crossclaim is barred by waiver.

## SIXTH DEFENSE.

12. Any purported Wyman crossclaim is barred by breach of contract, including one or more agreement whereby Wyman Charter Corp. agreed to pay for insurance to indemnify and hold harmless Joseph Shore and other persons and to provide indemnity insurance coverage and defense, including all attorneys' fees, to one or more of the Shore defendants.

## CROSSCLAIMS AGAINST
## WYMAN CHARTER CORP.

13.     Wyman Charter Corp. is a business organization operating in Massachusetts and is or was on information the owner or operator of the sailing vessel *Sea Genie II*. Wyman entered into one or more agreements with Joseph Shore whereby Joseph Shore acted as the agent of Wyman.

14.     Pursuant to the agreement between Joseph Shore and Wyman, Wyman expressly or impliedly agreed to provide insurance, insurance coverage, and defense, including attorneys' fees and made other agreements and promises in favor of Joseph Shore and other persons including Cord Shore. The Shore defendants justifiably relied on those promises or agreements.

15.     Indemnity. Wyman Charter Corp. or its principal, defendant Michael Wyman, owned and was operating the vessel on the night of the alleged accident and if Joseph Shore or any other Shore defendants are held liable in any respect as to the accident, Wyman Charter Corp. is required to indemnify and hold harmless one or more Shore defendants from any such liability.

16.     Contribution. Wyman Charter Corp. or its principal, defendant Michael Wyman, owned and was operating the vessel on the night of the alleged accident. If Joseph Shore or any other Shore defendants are held liable in any respect as to the accident, one or more Shore defendants are entitled to contribution from Wyman Charter Corp. up to the full amount of any alleged liability.

17.     Breach of Contract. Wyman Charter Corp. or its principal, defendant Michael Wyman, owned and was operating the vessel on the night of the alleged accident.

If Joseph Shore or any other Shore defendants are held liable in any respect as to the accident, one or more Shore defendants are entitled to damages and other appropriate relief related to violation of obligations by Wyman Charter Corp. pursuant to one or more agreements.

18.    <u>Promissory Estoppel</u>.  Wyman Charter Corp. or its principal, defendant Michael Wyman, owned and was operating the vessel on the night of the alleged accident. If Joseph Shore or any other Shore defendants are held liable in any respect as to the accident, one or more Shore defendants are entitled to damages and other appropriate relief related to violation of obligations by Wyman Charter Corp. pursuant to one or more agreements.

WHEREFORE, the Shore defendants as identified herein request that any crossclaims by Wyman Charter Corp. be dismissed with prejudice, and with costs and other appropriate relief, and that judgment enter in favor of defendants on the cross-claims against Wyman Charter Corp., including monetary damages and other relief including reimbursement for attorneys' fees, all costs of defense, indemnification as to any asserted liability to any plaintiff, and other appropriate relief.

## REQUEST FOR JURY TRAIL.

*DEFENDANT JOSEPH SHORE AND EACH OTHER SHORE DEFENDANT HEREBY REQUESTS JURY TRIAL OF ALL FACTS AND ISSUES WITHIN THE CROSSCLAIMS APPROPRIATE FOR JURY TRIAL.*

Defendant,
JOSEPH SHORE
By his attorneys,

Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4513

Dated: August 31, 2004

### Certificate of Service

The undersigned counsel for defendants Shore, *et al.* today gave notice of the foregoing **Answer By Shore Defendants To Crossclaims By Wyman Charter Corp. With Crossclaims,** by first-class mail to counsel for plaintiffs Kinsella, *et al.*, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, and co-counsel, Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for Wyman, Bertram E. Snyder, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; and defendant Ian McColgin, *pro se*, P.O. Box 1991, Hyannis, MA 02601.

Dated: August 31, 2004
24100.0//00855920.