UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>Plaintiffs<br><br>v.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem,<br><br>Defendants. | Civil Action No.:<br><br>**AMENDED COMPLAINT & JURY DEMAND**<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS** |

Plaintiff, Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased, by their attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Friedman & James LLP, allege as follows:

**Nature of Action:**

1.   This action seeks recovery for maritime personal injuries and wrongful death as a result of the tragic death of Katherine Kinsella on or about July 22-23, 2001 while a passenger on board the Motor Vessel "Sea Genie II" subsequent to its collision with the Sailing Vessel "Granuaile" within the territorial waters of the Commonwealth of Massachusetts.

**Jurisdiction and Venue:**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

3. This Court also has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. § 1333.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claim occurred in this District.

**The Parties:**

5. Plaintiffs' decedent, Katherine Kinsella, was at all relevant times a citizen of the Republic of Ireland.

6. Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

7. Defendant Wyman Charter Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located 66 Channel Point Road, Hyannis, Massachusetts.

8. Defendant Michael P. Wyman was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

9. Defendant Joseph Jay Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

10. Defendant Cord Mitchell Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

11. Defendant Caralyn Shore was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

12. Defendant Toad Hall Corp. was and still is a corporation organized under and existing pursuant to the laws of the Commonwealth of Massachusetts with its office and principal place of business located at 316 Sea Street, Hyannis, Massachusetts.

13. Defendant Ian McColgin was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

14. The Motor Vessel "Sea Genie II" was and still is a United States flagged vessel having an overall registered length of 58' and is now or will be during the pendency of this action within this district and within the jurisdiction of this Court.

15. The Sailing Vessel "Granuaile" was and still is a United States flagged vessel having an overall length of 55' and is now or will be during the pendency of this action within the jurisdiction of this Court.

**Allegations Common to All Causes of Action:**

16. At all relevant times, defendant Wyman Charter Corp. owned the Motor Vessel "Sea Genie II."

17. At all relevant times, defendant Michael P. Wyman owned the Motor Vessel "Sea Genie II."

18. At all relevant times, defendant Joseph Jay Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

19. At all relevant times, defendant Cord Mitchell Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

20. At all relevant times, defendant Caralyn Shore was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

21. At all relevant times, defendant Toad Hall Corp. was the owner and/or owner pro hac vice of the Motor Vessel "Sea Genie II."

22. At all relevant times, defendant Wyman Charter Corp. operated the Motor Vessel "Sea Genie II."

23. At all relevant times, defendant Michael P. Wyman operated the Motor Vessel "Sea Genie II."

24. At all relevant times, defendant Joseph Jay Shore operated the Motor Vessel "Sea Genie II."

25. At all relevant times, defendant Cord Mitchell Shore operated the Motor Vessel "Sea Genie II."

26. At all relevant times, defendant Caralyn Shore operated the Motor Vessel "Sea Genie II."

27. At all relevant times, defendant Toad Hall Corp. operated the Motor Vessel "Sea Genie II."

28. At all relevant times, defendant Wyman Charter Corp. controlled the Motor Vessel "Sea Genie II."

29. At all relevant times, defendant Michael P. Wyman controlled the Motor Vessel "Sea Genie II."

30. At all relevant times, defendant Joseph Jay Shore controlled the Motor Vessel "Sea Genie II."

31. At all relevant times, defendant Cord Mitchell Shore controlled the Motor Vessel "Sea Genie II."

32. At all relevant times, defendant Caralyn Shore controlled the Motor Vessel "Sea Genie II."

33. At all relevant times, defendant Toad Hall Corp. controlled the Motor Vessel "Sea Genie II."

34. At all relevant times, defendant Wyman Charter Corp. managed the Motor Vessel "Sea Genie II."

35. At all relevant times, defendant Michael P. Wyman managed the Motor Vessel "Sea Genie II."

36. At all relevant times, defendant Joseph Jay Shore managed the Motor Vessel "Sea Genie II."

37. At all relevant times, defendant Cord Mitchell Shore managed the Motor Vessel "Sea Genie II."

38. At all relevant times, defendant Caralyn Shore managed the Motor Vessel "Sea Genie II."

39. At all relevant times, defendant Toad Hall Corp. managed the Motor Vessel "Sea Genie II."

40. At all relevant times, defendant Joseph Jay Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

41. At all relevant times, defendant Cord Mitchell Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

42. At all relevant times, defendant Caralyn Shore chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

43. At all relevant times, defendant Toad Hall Corp. chartered the Motor Vessel "Sea Genie II" from defendant(s) Wyman Charter Corp. and/or Michael P. Wyman.

44. At all relevant times, defendant Ian McColgin owned, operated, managed and/or controlled the Sailing Vessel "Granuaile."

45. On or about July 22, 2001, plaintiff's decedent, Katherine Kinsella, boarded the Motor Vessel "Sea Genie II" as a passenger within the Commonwealth of Massachusetts.

46. On or about July 22, 2001, the Motor Vessel "Sea Genie II" was caused to collide with the Sailing Vessel "Granuaile" at or about Hyannis Harbor within the territorial waters of the Commonwealth of Massachusetts, causing damage to the Motor Vessel "Sea Genie II."

47. As a result of the collision as aforesaid, the damages sustained, and the ensuing maneuvering by the Motor Vessel "Sea Genie II," plaintiff's decedent Katherine Kinsella was caused to fall overboard from the Motor Vessel "Sea Genie II."

48. As a result thereof, plaintiff's decedent Katherine Kinsella was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in her death by drowning within the territorial waters of the Commonwealth of Massachusetts.

### FIRST CAUSE OF ACTION
(negligence against Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp. and/or Motor Vessel "Sea Genie II," in rem)

49. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if set forth at length herein.

50. The injuries to and ensuing death of the plaintiffs' decedent Katherine Kinsella were caused as a direct and proximate result of the breach and violation of the duty of care owed

to plaintiffs' decedent by defendants Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp. and/or Motor Vessel "Sea Genie II," their agents and/or employees by, among other things, allowing and/or permitting the number of passengers on board to exceed the vessel's licensed capacity and providing fewer than adequate life preservers or other rescue and safety devices; failing to properly man, maintain, monitor and navigate the Motor Vessel "Sea Genie II, thereby allowing said vessel to collide with the Sailing Vessel "Granuaile;" failing to maintain a proper lookout; failing to promptly repair and warn passengers of damage to the Motor Vessel "Sea Genie II" after the collision as aforesaid; failing to conduct a proper and timely search and rescue operation upon becoming aware that plaintiffs' decedent was missing and hearing decedent's futile cries for help; failing to notify in a proper and timely manner Coast Guard and/or other rescue personnel who could have saved plaintiffs' decedent from her untimely demise; and such other and further acts of negligence to be proven at trial, all without any fault of plaintiffs' decedent.

51. As a result of the foregoing, plaintiffs have sustained damages, including but not limited to (a) the terror and agonizing physical, mental and emotional pain and suffering and fear of impending death experienced by Katherine Kinsella prior to her death by drowning; (b) the loss to her surviving parents and siblings of the reasonable expectation of pecuniary benefits and support that would have resulted from the continued life of the decedent; (c) funeral, rescue, medical and repatriation expenses; (d) loss of services of sister and daughter; (e) loss of estate of the decedent accumulated reasonably from the continued life of the decedent; (f) loss of society, including, but not limited to, loss of love, companionship, attention, care, comfort and affection; (g) interest from the date of death; and (h) other damages, including punitive damages, permitted by all applicable laws.

## SECOND CAUSE OF ACTION
### (negligence against Ian McColgin and the Sailing Vessel "Granuaile," in rem

52. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if set forth at length herein.

53. The injuries to and ensuing death of the plaintiffs' decedent Katherine Kinsella were caused as a direct and proximate result of the breach and violation of the duty of care owed by defendant Ian McColgin and the Sailing Vessel "Granuaile" by, among other things, failing to properly mark the Sailing Vessel "Granuaile," at anchorage at or about Hyannis Harbor; failing to properly moor the Sailing Vessel "Granuaile;" and such other, further and different acts of negligence to be proven at trial, all without any fault of plaintiffs' decedent.

54. As a result of the foregoing, plaintiffs have sustained damages, including but not limited to (a) the terror and agonizing physical, mental and emotional pain and suffering and fear of impending death experienced by Katherine Kinsella prior to her death by drowning; (b) the loss to her surviving parents and siblings of the reasonable expectation of pecuniary benefits and support that would have resulted from the continued life of the decedent; (c) funeral, rescue, medical and repatriation expenses; (d) loss of services of sister and daughter; (e) loss of estate of the decedent accumulated reasonably from the continued life of the decedent; (f) loss of society, including, but not limited to, loss of love, companionship, attention, care, comfort and affection; (g) interest from the date of death; and (h) other damages, including punitive damages, permitted by all applicable laws.

WHEREFORE, plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, demands judgment against defendants, or any of

them, for damages in an amount to be determined by a jury, along with punitive damages in an amount to be determined by a jury, together with interest and the costs and disbursements of maintaining this action, along with such other and further relief as the Court deems just and proper.

Dated: September 13, 2004

>Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,
>
>By their attorneys,
>
>_____
>Sarah B. Herlihy, BBO #640531
>Mintz, Levin, Cohn, Ferris,
>  Glovsky and Popeo, P.C.
>One Financial Center
>Boston, MA  02111
>(617) 542-6000
>(617) 542-2241 (facsimile)
>
>Of Counsel, and
>
>_____
>Andrew V. Buchsbaum
>Friedman & James LLP
>132 Nassau Street
>New York, NY  10038
>(212) 233-9385
>(212) 619-2340 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, Plaintiffs' Amended Complaint Jury Demand was served upon the attorney of record for each party by fax and first-class mail on September 13, 2004.

_____
Sarah B. Herlihy

LIT 1452129v1