UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of the Katherine Kinsella, deceased,<br><br>Plaintiffs,<br><br>V.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem,<br><br>Defendants. | Civil Action No. 04-11614-NMG |

### ANSWER OF
### DEFENDANT IAN McCOLGIN

**Nature of Action:**

1. Defendant Ian McColgin is without legal knowledge to address paragraph 1.

**Jurisdiction and Venue:**

2.- 4. Defendant Ian McColgin is without legal knowledge to address paragraphs 2.- 4.

**The Parties:**

5. – 12. Defendant Ian McColgin is without knowledge regarding the facts of paragraphs 5.-12.

13. Defendant Ian McColgin admits the facts of paragraph 13.

14. Defendant Ian McColgin is without knowledge regarding the facts of paragraph 14.

15. Defendant Ian McColgin admits the facts of paragraph 15 with the clarification that Granuaile is a vessel registered in the Commonwealth of Massachusetts, number MS 3321 ZD.

**Allegations Common to All Causes of Action:**

16.- 43. Defendant Ian McColgin is without knowledge regarding the facts of paragraphs 16.- 43.

44. Defendant Ian McColgin admits the facts of paragraph 44.

45. Defendant Ian McColgin is without knowledge regarding the facts of paragraph 45.

46. Defendant Ian McColgin admits facts of paragraph 46 to the extent that there is physical evidence that contact occurred between Sea Genie II and Granuaile on the night of July 22, 2001, but denies that there is any evidence that such contact caused damage to Sea Genie II.

    The physical evidence of contact between the vessels is limited to a small bit of white paint on Granuaile's port whisker stay spreader, which is five feet eight inches above the water. This paint appeared to be the same color as Sea Genie II's hull. The defendant Ian McColgin knows of no report of a corresponding scratch being found on Sea Genie II. Granuaile's bow pulpit, located at the end of the bowsprit, had an upper rail on which was mounted a fragile solar panel. The upper edge of this panel was nine feet and four inches above the water. This panel showed no sign of damage or contact with any hard objects.

    The gate through which Ms Kinsella is reported in contemporary news articles to have fallen appears from photographs of Sea Genie II to be more than ten feet above the water. The wind the night of July 22, 2001, as recorded by the National Weather Service, was under 15 knots from the southwest and the sea conditions at Granuaile's mooring, approximately two hundred feet north of the Hyannis Port breakwater, were calm in the breakwater's lee.

    Granuaile has no parts or appurtenances that could have broken the gate through which Ms. Kinsella is alleged to have fallen.

47. Defendant Ian McColgin denies the facts of paragraph 47 to the extent that the "ensuing maneuvering of Sea Genie II" relates to Sea Genie II's moving from the immediate vicinity of Granuaile, which physical evidence shows to have been smooth gentle. Had Sea Genie II been maneuvered with sufficient force to catapult Ms. Kinsella through a broken gate while Sea Genie II was next to Granuaile there would have been evidence of other contact besides the paint in the whisker stay spreader and Ms. Kinsella might well have landed on Granuaile. Further supporting the evidence of an easy departure, Granuaile had a coil of towing hawser on the

deck which was found by the defendant Ian McColgin on July 24, 2004, to have more than a dozen empty cans of beer of the types distributed aboard Sea Genie II and not brands of beer ever carried aboard Granuaile. It seems unlikely that the revelers aboard Sea Genie II would have aimed effectively for this target were Sea Genie II engaged in vigorous maneuvers. The Defendant Ian McColgin is without knowledge regarding any of maneuvers by Sea Genie II in the more general sense.

48. Defendant Ian McColgin is without knowledge regarding the facts of paragraph 48.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST Wyman Charter Corp. Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad hall Corp. and/or Motor Vessel "Sea Genie II" in rem.)

49. Defendant Ian McColgin repeats his answers to paragraphs 1 through 48.

50.– 51. Defendant Ian McColgin is without knowledge regarding the facts of paragraphs 50 and 51.

## SECOND CAUSE OF ACTION
### (negligence against Ian McColgin and the Sailing Vessel "Granuaile," in rem.

52. Defendant Ian McColgin repeats his answers to paragraphs 1 through 48.

53. Defendant Ian McColgin denies paragraph 53 with the facts that: No day or night markings are required of a vessel anchored or moored in a designated anchorage per COLREGS Rule 30 (g); the area where Granuaile was moored in Hyannis Harbor is a designated anchorage; Granuaile was properly moored on a permitted mooring under the authority of the Town of Barnstable, 2001 mooring permit number 454; and that Granuaile was at option showing an all around light in compliance with COLREGS Rule 30 (b).

53. (sic) Defendant Ian McColgin is without knowledge of the facts of paragraph 53.

August 26, 2004

_____

Ian McColgin
pro se

Post Office Box 1991
Hyannis, MA  02601

508-776-3397

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2004, I served the foregoing by hand to:

Sarah B. Herlihy, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA. 02111

and by mailing a copy, postage paid, to the following counsel of record:

Andrew V. Buchsbaum, Esq.
Friedman & James LLP
132 Nassau Street
New York, NY 10038

Paul G. Boylan, Esq.
Kevin G. Kenneally, Esq.
Donovan & Hatem, LLP
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA 02210

Bertram E Snyder, Esq.
Patrick O. McAleer
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

_____
Ian McColgin