UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator ) <br> And Personal Representative Of The ) <br> Estate of Katherine Kinsella, And ) <br> JOSEPH A. KINSELLA, Individually And ) <br> On Behalf Of All Distributees Of ) <br> Katherine Kinsella, Deceased, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br>   v.   ) <br>   ) <br> WYMAN CHARTER CORP., ) <br> MICHAEL P. WYMAN, JOSEPH SHORE, ) <br> CORD SHORE, CARYLYN SHORE, ) <br> TOAD HALL CORP., IAN McCOLGIN, ) <br> THE MOTOR VESSEL *"SEA GENIE II"*, ) <br> Her Engines, Tackle And Appurtenances, ) <br> *In Rem*, and The Sailing Vessel ) <br> *"Granuaile"*, Her Engines, Tackle And ) <br> Appurtenances, *In Rem*, ) <br>   Defendants. ) <br>   ) | CIVIL ACTION NO. 04-11615-NMG |

**DEFENDANT CORD SHORE**
**ANSWER TO AMENDED COMPLAINT WITH DEFENSES**

Defendant Cord Shore hereby responds to the numbered allegations of the Amended Complaint served September 13, 2004, treating same as if allowed, as follows.

1. States that paragraph 1 is a description of the civil action and requires no response; to the extent any response is required, is without sufficient information to admit or deny the allegations ("is without sufficient information").

2. Is without sufficient information.

3. Is without sufficient information.

- 1 -

4. Is without sufficient information.

5. Is without sufficient information.

6. Is without sufficient information.

7. Admits that Wyman Charter Corp. on information is a corporation, and otherwise is without sufficient information.

8. Admits that Michael P. Wyman is a natural person, and otherwise is without sufficient information.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admits that Toad Hall Corp. on information was a corporation, and otherwise is without sufficient information.

13. Is without sufficient information.

14. Admits the named vessel was registered and was of approximately the length described; otherwise is without sufficient information.

15. Is without sufficient information.

16. Is without sufficient information.

17. Is without sufficient information.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Is without sufficient information.

23. Is without sufficient information.

24. Admits that defendant Joseph Shore was employed as the master of the named vessel; otherwise, denied.

25. Denied.

26. Denied.

27. Denied.

28. Is without sufficient information.

29. Is without sufficient information.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Is without sufficient information.

35. Is without sufficient information.

36. Admits defendant Joseph Shore was the agent of the Owner; otherwise is without information.

37. Denied.

38. Denied.

39. Denied.

40. Admits defendant Joseph Shore was the agent of the Owner; otherwise is without information.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Is without sufficient information.

47. Is without sufficient information.

48. Is without sufficient information.

49. Denies wrongdoing, liability, or any failure of duty; otherwise is without sufficient information.

50. Is without sufficient information.

## FIRST CAUSE OF ACTION.

51. Repeats and incorporates all prior allegations.

52. Denied.

53. Denies liability and is without sufficient information.

## SECOND CAUSE OF ACTION.

54. Repeats and incorporates all prior allegations.

55. Is without sufficient information.

56. Is without sufficient information.

## FIRST DEFENSE.

57. The Amended Complaint fails to state a claim for relief as to this defendant.

## SECOND DEFENSE.

58. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part because any damage or alleged wrongdoing was

caused entirely or solely by persons other than this defendant for whom this defendant is not liable.

### THIRD DEFENSE.

59. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part by reason of the doctrine of contributory negligence imposing a bar against plaintiff for negligence of fifty percent or more.

### FOURTH DEFENSE.

60. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part by the superseding negligence of one or more persons for whom this defendant is not liable.

### FIFTH DEFENSE.

61. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part on the basis that if there was any relevant act or omission of this defendant, which is not admitted, that act was not the proximate or actual cause of the alleged wrongdoing.

### SIXTH DEFENSE.

62. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part by the doctrine of comparative negligence.

### SEVENTH DEFENSE.

63. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part by that form of the doctrine of contributory negligence whereby any degree of negligence whatsoever by plaintiff is a bar.

## EIGHTH DEFENSE.

64. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred by assumption of risk.

## NINTH DEFENSE.

65. The Amended Complaint or any recovery pursuant to the Amended Complaint against the named defendant is barred in whole or in part because any conduct of defendant was authorized by a principal or corporation and within the scope of employment for the corporation.

## TENTH DEFENSE.

66. The Amended Complaint or any recovery pursuant to the Amended Complaint is barred in whole or in part because defendant at all relevant times was the authorized employee or agent of a principal or employer or one or more other legal persons liable for any alleged wrongdoing.

WHEREFORE, defendant Cord Shore requests that the Amended Complaint be dismissed, with costs and other appropriate relief.

Defendant,
CORD SHORE
By his attorneys,

Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
617-406-4513

Dated: Oct. 6, 2004

Certificate of Service

The undersigned counsel for defendants Shore, *et al.* today gave notice of the foregoing **Defendant Cord Shore Answer To Amended Complaint With Defenses** by first-class mail to counsel for plaintiffs Kinsella, *et al.*, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, and co-counsel, Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for Wyman, Bertram E. Snyder, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for Michael Wyman, Thomas E. Clinton, Clinton & Muczyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; and defendant Ian McColgin, *pro se*, P.O. Box 1991, Hyannis, MA 02601.

Dated: Oct 6, 2004

24100.0//00867177.