**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION
NO: 04-11615-NMG

JOSEPH A. KINSELLA, as Adminstrator
and personal representative of the
Estate of Katherine Kinsella, and
JOSEPH A. KINSELLA, individually and
on behalf of all distributes of
KATHERINE KINSELLA, deceased
         Plaintiffs,

VS.

WYMAN CHARTER CORP., ET AL,
         Defendants.

**DEFENDANT, MICHAEL P. WYMAN'S, ANSWER AND**
**CROSS COMPLAINT TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes the defendant, Michael P. Wyman, in the above captioned matter, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers the allegations contained in Plaintiff's Amended Complaint as follows:

**Nature of Action**:

1.   The allegations contained in paragraph 1 of Plaintiff's Complaint contain conclusions of law to which no response is due.  To the extent a response is due, the allegations are denied.

**Jurisdiction and Venue**:

2.   The allegations contained in paragraph 2 of Plaintiff's Complaint contain conclusions of law to which no

response is due.  To the extent a response is due, the allegations are denied.

3.    The allegations contained in paragraph 3 of Plaintiff's Complaint contain conclusions of law to which no response is due.  To the extent a response is due, the allegations are denied.

4.    The allegations contained in paragraph 4 of Plaintiff's Complaint contain conclusions of law to which no response is due.  To the extent a response is due, the allegations are denied.

**The Parties**:

5.    The defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies same.

6.    The defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7.    The defendant, Michael P. Wyman, upon information and belief, admits the allegations contained in paragraph 7.

8.    The defendant, Michael P. Wyman, admits the allegations contained in paragraph 8.

3

9.    The defendant, Michael P. Wyman, upon information and belief, admits the allegations contained in paragraph 9.

10.    The defendant, Michael P. Wyman, upon information and belief, admits the allegations contained in paragraph 10.

11.    The defendant, Michael P. Wyman, upon information and belief, admits the allegations contained in paragraph 11 and, therefore, denies same.

12.    The defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies same.

13.    The defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies same.

14.    The defendant, Michael P. Wyman, admits that the M/V SEA GENIE II was a United States flagged vessel having an overall registered length of 58 feet.  Defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14 and, therefore, denies same.

15.    The defendant, Michael P. Wyman, is without knowledge or information sufficient to form a belief as to

4

the truth of the allegations contained in paragraph 15 and, therefore, denies same.

**Allegations Common to All Causes of Action**:

16. The defendant, Michael P. Wyman, upon information and belief, admits that Wyman Charter Corp. owned the M/V SEA GENIE II on July 22, 2001.

17. The defendant, Michael P. Wyman, denies the allegations contained in paragraph 17.

18. The defendant, Michael P. Wyman, denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies same.

19. The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies same..

20. The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies same.

21. The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies same.

22.  The defendant, Michael P. Wyman, upon information and belief, denies the allegations contained in paragraph 22.

23.  The defendant, Michael P. Wyman, denies the allegations contained in paragraph 23.

24.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, denies same.

25.  The defendant, Michael P. Wyman, denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies same.

26.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies same.

27.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies same.

28.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies same.

6

29.  The defendant, Michael P. Wyman, denies the allegations contained in paragraph 29.

30.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies same.

31.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies same.

32.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies same.

33.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies same.

34.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies same.

35.  The defendant, Michael P. Wyman, denies the allegations contained in paragraph 35.

36.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, denies same.

37.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies same.

38.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies same.

39.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and, therefore, denies same.

40.   The defendant, Michael P. Wyman, denies the allegations contained in paragraph 40 as it is directed to Defendant, Michael P. Wyman.  Defendant Michael P. Wyman denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 40 and, therefore, denies same.

41.   The defendant, Michael P. Wyman, denies the allegations contained in paragraph 41 as it is directed to

8

Defendant, Michael P. Wyman.  Defendant Michael P. Wyman denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 41 and, therefore, denies same.

42.  The defendant, Michael P. Wyman, denies the allegations contained in paragraph 42 as it is directed to Defendant, Michael P. Wyman.  Defendant Michael P. Wyman denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 42 and, therefore, denies same.

43.  The defendant, Michael P. Wyman, denies the allegations contained in paragraph 43 as it is directed to Defendant, Michael P. Wyman.  Defendant Michael P. Wyman denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 43 and, therefore, denies same.

44.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and, therefore, denies same.

45.  The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and, therefore, denies same.

46.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and, therefore, denies same.

47.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and, therefore, denies same.

48.   The defendant, Michael P. Wyman, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies same.

### FIRST CAUSE OF ACTION

49.   The defendant, Michael P. Wyman, realleges and reaffirms his responses to paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.   The defendant, Michael P. Wyman, denies the allegations contained in paragraph 50 specific to Michael P. Wyman only.  Defendant, Michael P. Wyman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 and, therefore, denies same.

51.   The defendant, Michael P. Wyman, denies the allegations contained in paragraph 51 specific to Michael P.

Wyman only.  Defendant, Michael P. Wyman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 and, therefore, denies same.

## SECOND CAUSE OF ACTION

52.  The defendant, Michael P. Wyman, and realleges and reaffirms his responses to paragraphs 1 through 48, inclusive, as though fully set forth herein.

53.  The second cause of action is not directed to defendant, Michael P. Wyman, and it requires no answer by defendant, Michael P. Wyman.  To the extent that an answer is required, the defendant, Michael P. Wyman denies the allegations contained in paragraph 53.

54.  The second cause of action is not directed to defendant, Michael P. Wyman, and it requires no answer by defendant, Michael P. Wyman.  To the extent that an answer is required, the defendant, Michael P. Wyman denies the allegations contained in paragraph 53 (sic).

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

The defendant incorporates the following Affirmative Defenses into its Answer as follows:

## FIRST AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that plaintiff's injuries were caused by the willful misconduct of plaintiff for which said defendant is not responsible.

## SECOND AFFIRMATIVE DEFENSE

And further answering as a complete and separate defense, defendant states that if the plaintiff were injured as alleged, which is denied, said injuries were caused or contributed to by the plaintiff's own negligence and, therefore, plaintiff can recover nothing, or, alternatively, any recovery should be reduced by the degree of the plaintiff's own negligence.

## THIRD AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that if the plaintiff was injured as alleged, which is denied, said injuries were caused by an act or acts of a third person or persons of which the defendant had no knowledge and over which the defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that if the plaintiff was injured

12

as alleged, which is denied, said injuries were caused by an act of God and/or force majeure.

### FIFTH AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that plaintiff's claim of jury trial be stricken, as plaintiffs are not entitled to a jury trial in this Court.

### SIXTH AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that if the plaintiff were injured as alleged, which is denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefits of any and all laws and statutes of the United States of America of and concerning Limitation of Liability of the defendant, including 46 U.S.C. §183(b).

### SEVENTH AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that any injury to the plaintiff resulted from assumption of risk, which the plaintiff assumed.

13

## EIGHTH AFFIRMATIVE DEFENSE

And further answering and as a complete and separate defense, defendant states that the plaintiff's complaint fails to set forth a cause of action upon which relief can be granted and/or seeks damage for which recovery is not allowed under State or General Maritime Law.

### CROSS-CLAIM OF DEFENDANT, MICHAEL P. WYMAN, AGAINST CO-DEFENDANT, JOSEPH J. SHORE

1. Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2. Co-Defendant, Joseph Jay Shore, was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3. Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4. Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

14

5.   If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Michael P. Wyman, but the negligence of Co-Defendant, Joseph Jay Shore, in his control and operation of the Motor Vessel "SEA GENIE II."

6.   If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff, Michael P. Wyman, under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Joseph Jay Shore, for any sums he is ordered to pay the plaintiff.

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, Joseph Jay Shore, for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

### CROSS-CLAIM OF DEFENDANT, MICHAEL P. WYMAN, AGAINST CO-DEFENDANT, CORD MITCHELL SHORE

1.   Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2.   Co-Defendant, Cord Mitchell Shore, was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.   Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.   Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.   If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Michael P. Wyman, but the negligence of Co-Defendant, Cord Mitchell Shore, in his control and operation of the Motor Vessel "SEA GENIE II."

6.   If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff, Michael P. Wyman under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Cord Mitchell Shore, for any sums he is ordered to pay the plaintiff.

16

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, Cord Mitchell Shore, for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

### CROSS-CLAIM OF DEFENDANT, MICHAEL P. WYMAN AGAINST CO-DEFENDANT, CARALYN SHORE

1.    Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2.    Co-Defendant, Caralyn Shore, was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.    Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.    Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.    If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not

17

the negligence of Michael P. Wyman, but the negligence of Co-Defendant, Caralyn Shore, in his control and operation of the Motor Vessel "SEA GENIE II."

6.    If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff, Michael P. Wyman, under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Caralyn Shore, for any sums he is ordered to pay the plaintiff.

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, Caralyn Shore, for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

### CROSS-CLAIM OF DEFENDANT, MICHAEL P. WYMAN, AGAINST CO-DEFENDANT, TOAD HALL CORP.

1.    Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2.    Co-Defendant, Toad Hall Corp., was and still is a Massachusetts corporation with a principal place of business at 316 Sea Street, Hyannis, Massachusetts.

3.    Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.    Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.    If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Michael P. Wyman, but the negligence of Co-Defendant, Toad Hall Corp., in their control and operation of the Motor Vessel "SEA GENIE II."

6.    If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff, Michael P. Wyman, under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Toad Hall Corp., for any sums he is ordered to pay the plaintiff.

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, Toad Hall Corp., for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

### CROSS-CLAIM OF DEFENDNAT, MICHAEL P. WYMAN, AGAINST CO-DEFENDANT, IAN MCCOLGIN

1.    Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2.    Co-Defendant, Ian McColgin, was and still is an individual citizen and resident of the Commonwealth of Massachusetts.

3.    Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.    Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.    If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Michael P. Wyman, but the negligence of Co-Defendant, Ian McColgin, in his control and operation of the Motor Vessel "SEA GENIE II."

6.    If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff,

20

Michael P. Wyman, under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, Ian McColgin, for any sums he is ordered to pay the plaintiff.

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, Ian McColgin, for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

### CROSS-CLAIM OF DEFENDANT, MICHAEL P. WYMAN, AGAINST CO-DEFENDANT, IN REM, SAILING VESSEL "GRANUAILE"

1.    Defendant, Michael P. Wyman, is an individual, resident of this State with a residence at 110 Breeds Hill Road, Unit #8, Hyannis, Massachusetts.

2.    Co-Defendant, *in rem*, Sailing Vessel "GRANUAILE", was and still is a United States flagged vessel.

3.    Plaintiff, Joseph A. Kinsella, alleges that he, is Administrator and personal representative of the Estate of Katherine Kinsella and Joseph A. Kinsella, individually and on behalf of all distributees, was and still is a citizen and resident of the Republic of Ireland along with all distributees.

4.    Plaintiff seeks recovery for maritime personal injuries and wrongful death as a result of the death of Katherine Kinsella on or about July 22-23, 2001.

5.    If the death of Katherine Kinsella was due to the negligence of any third party, which is denied, it was not the negligence of Michael P. Wyman, but the negligence of Co-Defendant, *in rem*, Sailing Vessel, "GRANUAILE", in its control and operation of the Motor Vessel "SEA GENIE II."

6.    If Michael P. Wyman is found to be responsible in whole or in part for any damages awarded the plaintiff, Michael P. Wyman, under the principles of contribution and/or indemnification is entitled to full reimbursement including costs and reasonable attorney's fees from Co-Defendant, *in rem*, Sailing Vessel, "GRANUAILE", for any sums he is ordered to pay the plaintiff.

**WHEREFORE**, defendant, Michael Wyman, prays this Honorable Court enter judgment in his favor against Co-Defendant, *in rem*, Sailing Vessel, "GRANUAILE", for contribution and/or indemnity for all sums Michael P. Wyman is ordered to pay plaintiff.

**THE DEFENDANT DEMANDS
TRIAL BY JURY ON ALL ISSUES RAISED IN ITS
ANSWERS AND AFFIRMATIVE DEFENSES, EXCEPT AS TO
LIMITATION OF LIABILITY WHICH IS UNIQUE TO THE
COURT'S DETERMINATION**

22

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/Thomas E. Clinton"
**Thomas E. Clinton**
**BBO NO: 086960**
**Robert E. Collins**
**BBO NO: 555843**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  October 20, 2004