UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator, )<br>*et al.*, )<br>        Plaintiffs, )<br>   v. )<br> )<br>WYMAN CHARTER CORP., *et al.*, )<br>        Defendants, )<br>   v. )<br>RORY VANDAMME and )<br>MARTIN MAHON, )<br>        Third-Party Defendants. ) | CIVIL ACTION NO. 04-11615-NMG |

### LOCAL RULE 26 DISCLOSURE BY SHORE DEFENDANTS

Joseph Shore, Carylyn Shore, Cord Shore, and Toad Hall Corp., each and together hereinafter "Shore defendants," provide the following disclosure pursuant to F.R. 26 and L.R. 26. The Shore defendants request leave to amend or supplement this disclosure in light of later-discovered information or to correct inadvertent omission.

### TERMS.

1. These Initial Disclosures are based upon information presently known to the party making the disclosures. They are made without prejudice to producing during discovery or at trial information, documents or data that are (a) subsequently discovered or determined to be relevant for any purpose; (b) produced as a result of ongoing investigations; and/or (c) subsequently determined to have been omitted from these disclosures.

2. The parties making the disclosures reserve the right at any time to revise and/or supplement these Initial Disclosures.

3. The parties making the disclosures hereby expressly reserve all objections to the use for any purpose of these Initial Disclosures or any of the information and/or documents referenced herein. By referring to documents in its Initial Disclosures, the parties making the disclosures make no

representations, admissions or concessions as to the relevance, admissibility, or appropriateness of any documents or categories of documents.

4.   The identification by the parties making the disclosures of individuals pursuant to Rule 26(a)(1)(A) is not intended to preclude the parties making the disclosures from obtaining discovery of or from individuals not presently identified.

5.   The parties making the disclosures hereby expressly incorporate by reference all individuals and/or entities identified by all other parties to this matter in its/their Initial Disclosures and reserve the right to depose and/or rely upon the testimony of all such individuals in support of any claims.

6.   The identification by the parties making the disclosures of documents pursuant to Rule 26(a)(1)(B) and (C) is limited to those documents within its possession, custody or control. It does not include documents produced in this action by other parties or non-parties.

7.   The parties making the disclosures reserve the right to use all documents produced by any party or non-party to this action. By these Initial Disclosures, the parties making the disclosures are not identifying any documents that may be protected by the attorney/client privilege, attorney work product doctrine, or any other applicable privileges or exemption from disclosure. The parties making the disclosures expressly reserve their rights to object to defendant's discovery requests and/or responses on any basis.

## INITIAL DISCLOSURES.

### A.   Disclosures Pursuant to Rule 26(a)(1)(A).

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:**

1.   Parties to this civil action.

2.   Officers and Agents of the United States Coast Guard, First Coast Guard District.

3.   Passengers and crew on board SEA GENIE II on the night in question.

4. Medical and rescue personnel involved in the search, rescue, and medical treatment.

5. Michael P. Wyman
100 Breed's Hill Road, Unit 8
Hyannis, MA 02601

6. Joseph J. Shore
1418 Commonwealth Avenue
West Newton, MA 02465

7. Cord Shore
Hyannis, MA

8. Carylyn Shore
1418 Commonwealth Avenue
West Newton, MA 02465

9. Rory Vandamme
Republic of Ireland (address unknown)

10. Martin Mahon
Republic of Ireland (address unknown)

11. Ian McColgan
P.O. Box 1991
Hyannis, MA 02601

### B. Disclosures pursuant to Rule 26(a)(1)(B).

A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Response**: Documents and tangible things presently identified as within the possession, custody, and control of the Shore defendants include:

1. Corporate records of Toad Hall Corp.

2. Statements of witnesses to the extent available by Cord Shore, Joseph Shore, and passengers and crew aboard the vessel as given to, for example, the Barnstable Police Department to the extent those can be obtained.

3. Testing records as to Joseph and Cord Shore as to the absence of any alcohol or other intoxicating substance or drug use on the night in question. On information, some of those documents are in the custody of the United States Attorney.

4. Transcript of the testimony by Rory Vandamme on or about September 9, 2004, at a sentencing hearing involving one or more of the defendants.

5/3. Insurance policies and correspondence relating to those policies which are or may be available to provide coverage as to any liability of any defendant to these plaintiffs.

**C.     Disclosures Pursuant to Rule 26(a)(1)(C).**

A compilation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

<u>Response</u>: The Shore defendants do not expect to show any damages other than damages, if any, relevant to contribution and indemnity claims asserted or to be asserted.

**D.     Disclosures Pursuant to 26(a)1(D).**

For inspection and copying as under Rule 24 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy any part or all of a judgment, which may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment.

<u>Response</u>: Is being or will be disclosed.

Defendants,
JOSEPH SHORE, et al.,
By their attorneys,

Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
617-406-4500

Dated: Nov. 4, 2004

### Certificate of Service

The undersigned counsel for defendants Shore, *et al.* today gave notice of the **Local Rule 26 Disclosure By Shore Defendants** by e-mail transmission to the **Clerk, D.Mass.**, and to counsel for plaintiffs **Kinsella**, *et al.*, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA  02111, and co-counsel, Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY  10038; counsel for defendant **Wyman Charter Corp.**, Bertram E. Snyder, Looney & Grossman LLP, 101 Arch Street, Boston, MA  02110; counsel for defendant **Michael Wyman, Individually**, Thomas E. Clinton and Robert Collins, Clinton & Muczyka, P.C., One Washington Mall, Suite 1400, Boston, MA  02108; and by first-class mail to defendant **Ian McColgin**, *pro se*, P.O. Box 1991, Hyannis, MA  02601.

Dated: Nov. 4, 2004

24100.1//00873555.

4