UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, As Administrator And Personal Representative Of The Estate of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased,<br>       Plaintiffs,<br>v.<br>WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH SHORE, CORD SHORE, CARYLYN SHORE, TOAD HALL CORP., IAN McCOLGIN, THE MOTOR VESSEL *"SEA GENIE II"*, Her Engines, Tackle And Appurtenances, *In Rem*, and The Sailing Vessel *"Granuaile,"* Her Engines, Tackle And Appurtenances, *In Rem*,<br>       Defendants,<br>v.<br>RORY VANDAMME and MARTIN MAHON,<br>       Third-Party Defendants. | CIVIL ACTION NO. 04-11615-NMG |
| JOSEPH A. KINSELLA, As Administrator and Personal Representative Of The Estate Of Katherine Kinsella, And JOSEPH A. KINSELLA, Individually And On Behalf Of All Distributees Of Katherine Kinsella, Deceased,<br>       Plaintiffs,<br>v.<br>INSURANCE COMPANY OF NORTH AMERICA, GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARYLYN SHORE, AND TOAD HALL CORP.,<br>       Defendants. | CIVIL ACTION NO. 05-10232-NMG<br>(JUDGE NATHANIEL M. GORTON) |

**MOTION TO CONSOLIDATE CIVIL ACTIONS**

- 1 -

1.     Defendants Joseph Shore, Cord Shore, Carylyn Shore, and Toad Hall Corp. (together "Shore defendants") are defendants in the first-in-time of these civil actions, a wrongful-death action arising from the death of Katherine Kinsella on or about July 22, 2001 ("first civil action").  The same parties are defendants in a later-in-time civil action which involves declarations and determinations as to the rights of defendants in the first civil action under one or more policies of insurance ("coverage civil action").  The policies of insurance were in force as of the date of the death of Ms. Kinsella.  Defense and coverage of one or more defendants under one or more of those policies is the subject of the coverage civil action.  The named defendants hereby move to consolidate these actions pursuant to F.R.C.P. 42 without prejudice to the rights of one or more parties to move at a later date for modification of this Order.

2.     The two civil actions arise from the same set of operative facts, the tragic death of Ms. Kinsella and involve common issues of law and fact.  The issues raised in the two civil actions are highly similar and in many instances identical.  The putative grounds for denials of coverage or reservations of rights by the insurers, the matters in dispute in the coverage civil action, are based on the same facts or allegations which will be tried and determined in the wrongful-death action.  The coverage action involves, for example, the need for a judicial determination as to whether the accident sequence on the night in question involving a collision between two vessels and, approximately two hours later, the discovery of the death of Ms. Kinsella, involved one "occurrence" or two "occurrences" under one or more of the policies of insurance.

3.     Consolidation will serve judicial and other economies.  If consolidation is not allowed, the likelihood is that this Court will be required to largely duplicate its

oversight over the two actions and in time conduct two full trials of virtually identical facts, the first civil action to be tried to a jury and the second to be Judge-tried.

4. Two trials are highly likely because it is not clear or certain that determinations in the first civil action will obviate the need for trial in the coverage civil action. While the underlying facts are identical, the actual proof in the first civil action will not necessarily involve all issues raised by insurers in the coverage context. Any such issues can be conveniently raised, however, solely for judicial determination and outside the presence of the jury as and when the first civil action is tried.

5. Consolidation will help nonparty witnesses. Many of the witnesses as to issues identified in the coverage civil action are the same persons likely to testify in the first civil action. Some of those persons on information are residents of the Republic of Ireland who may need to travel here for at least one trial.

6. For the reasons described, the Shore defendants request that these civil actions be consolidated for all purposes, to and including trial, without prejudice to the rights of one or more parties to move at a later date for modification of this Order. The Shore defendants request other relief as appropriate.

Defendants,
JOSEPH JAY SHORE, et al.
By their attorneys,

    /S/ Paul G. Boylan
Paul G. Boylan, BBO No. 052320
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Dated: May 24, 2005.                617-406-4513

Certificate of Service

The undersigned counsel for defendants Shore, *et al*. today gave notice of the foregoing **Motion To Consolidate Civil Actions** by e-mail and first-class mail to counsel for plaintiffs **Kinsella,** *et al***.** in the declaratory judgment action, David E. Lurie, Lurie & Krupp, LLP, One McKinley Square, Boston, MA 02109, and Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; for plaintiffs **Kinsella**, *et al*. in the wrongful-death action, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111; counsel for **Wyman Charter Corp**., Bertram E. Snyder and Patrick O. McAleer, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110; counsel for **Michael Wyman**, Thomas E. Clinton, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108; counsel for **Insurance Company of North America**, David D. Dowd, Curley & Curley, P.C., 27 School Street, Suite 600, Boston, MA 02108; counsel for **General Star**, Samuel M. Furgang, Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114-4737; and counsel for **Fireman's Fund**, Mark W. Roberts, McRoberts, Roberts & Rainer, LLP, 53 State Street, Exchange Place, Boston, MA 02109, and Gary D. Centola and Frank A. Valverde (admitted *pro hac vice*), Rivkin Radler LLP, 926 EAB Plaza, Uniondale, NY 11556-0926.

Dated: May 24, 2005.                                        /S/ Paul G. Boylan

24100.0.