2003 WL 21362330 (E.D.La.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,<br>
E.D. Louisiana.<br>
MCDERMOTT INCORPORATED<br>
v.<br>
INDUSTRIAL RISK INSURERS<br>
Roy LINDSEY 121881<br>
v.<br>
N. Burl CAIN<br>
No. Civ.A.03-402.<br>
June 10, 2003.

*ORDER AND REASONS*

ENGELHARDT, J.

**\*1** Defendant Industrial Risk Insurers removed this action from Louisiana state court on February 10, 2003. Before the Court is the Motion for Remand filed by Plaintiff, McDermott Incorporated, on March 7, 2003 (Rec.Doc. No. 5). For the reasons stated below, Plaintiff's motion to remand is DENIED.

BACKGROUND

Plaintiff alleges that, for a number of years, it stored valuable papers and records at a New Orleans storage facility owned by the late William R. Lasseigne, Jr. ("Lasseigne") and operated by Records Storage and Services, Inc. ("RSS"). In January 2002, however, Plaintiff became aware that a number of its papers and records had been damaged. [FN1] Plaintiff contends that it notified Defendant, Plaintiff's property insurer, of the damage on or around March 4, 2002, and requested that a representative of Defendant contact Plaintiff "as soon as practicable" regarding the matter. [FN2]

> FN1. Neither Plaintiff or Defendant has informed the Court of the exact alleged cause or nature of the damage to Plaintiff's papers and records.

> FN2. *See* Plaintiff's April 1, 2003 Reply Memorandum in Support of Motion for Remand at 4-5 and Exhibit A thereto.

Because of concerns regarding Lasseigne's failing health, [FN3] Plaintiff took perpetuation depositions of him in April and May 2002. Thereafter, Plaintiff filed a suit in Louisiana state court against RSS, Lasseigne, and their liability insurers, Republic-Vanguard **Insurance** Company ("Republic-Vanguard") and Underwriters at Lloyd's London ("Lloyd's"), on May 30, 2002 (hereinafter, the "Liability Action"). [FN4] Eight months later, on January 14, 2003, Plaintiff filed a separate declaratory judgment action - the action now before this Court - against Defendant in Civil District Court (hereinafter, the "Declaratory Judgment Action"). Alleging coverage pursuant to a property **Insurance** policy issued by Defendant, Plaintiff seeks a declaration that it is entitled to coverage from Defendant for the losses it incurred as a result of its papers and business records being damaged while stored at the RSS storage facility. [FN5] On February 10, 2003, Defendant removed the Declaratory Judgment Action to this Court on the basis of diversity jurisdiction. Plaintiff filed the motion to remand at issue on March 7, 2003.

> FN3. Plaintiff represents in its motion to remand that, in the spring of 2002, Lasseigne had been diagnosed with cancer and was in extremely poor health. According to Plaintiff, Lasseigne subsequently has passed away.

> FN4. See *McDermott, Inc. v. Records Storage & Services, Inc., et al.*, No.2002-8479, Civil District Court, Parish of Orleans, State of Louisiana. This action apparently has been consolidated with suits filed in Civil District Court against the same defendants by other businesses whose
>
> records stored with RSS similarly were damaged. See Plaintiff's March 7, 2003 Memorandum in Support of Motion for Remand at 1.

> FN5. See *McDermott Inc. v. Industrial Risk Insurers*, No.2003-609, Civil District Court, Parish of Orleans, State of Louisiana.

## LAW AND ARGUMENT

Plaintiff asserts two bases for its motion to remand: (1) the abstention doctrine recognized in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); and (2) 28 U.S.C. § 1447(e). [FN6] Based on the showing made, the Court does not find that either basis justifies remand.

> FN6. Plaintiff has not asserted that Defendant's removal was improper because of a purported procedural defect or lack of subject matter jurisdiction.

### I. Brillhart Abstention

In this action, Plaintiff seeks a declaratory judgment. It is well-settled that federal district courts are not *required* to hear such suits. See, e.g., *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Brillhart*, 316 U.S. at 494. Rather, it is within a federal district court's discretion "whether and when to entertain a [declaratory judgment action], even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton*, 515 U.S. at 282. Although this discretion "is broad, it is not unfettered." See *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir.1993). "The [C]ourt may not dismiss a request for declaratory judgment relief on the basis of 'whim or personal disinclination.'" *Id.* (quoting *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir.1989) (other internal citations omitted)).

*2 The abstention doctrine recognized in *Brillhart* and its progeny addresses the circumstances under which a federal court should decline to entertain a declaratory judgment action otherwise properly before it, because of a pending parallel state court action. The *Wilton* Court explained the district court's duty in this context:

[I]n deciding whether to [abstain], a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

515 U.S. at 283 (internal citations omitted). Consistent with the Supreme Court's directive, the Fifth Circuit has identified the following factors for this analysis: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the federal court plaintiff filed suit in anticipation of a state court lawsuit filed by the federal court defendant; (3) whether the federal court plaintiff engaged in forum shopping in bringing the federal declaratory judgment action; (4) whether possible inequities exist in allowing the federal court plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. See *Travelers Ins. Co.*, 996 F.2d at 778; *Essex Ins. Co. v. Grefer*, 2002 WL 1585604, *2 (E.D.La.).

Although the factors outlined by the Fifth Circuit in *Travelers* address the more typical situation of a federal declaratory judgment action instituted by the state court defendant, the concerns reflected in these factors likewise apply here. Considering these factors in light of the procedural posture of this case and the showing made, and assuming *arguendo* that remand as requested by Plaintiff is a remedy available to the Court, [FN7] the Court does not find remand based on *Brillhart* abstention to be warranted.

> FN7. Plaintiff has not identified any jurisprudence in which a case has been remanded pursuant to the *Brillhart* abstention doctrine.
>
> Although the Court assumes, without deciding, that remand would be a proper remedy if such abstention otherwise was appropriate, Court does not find that to be true in this case for the reasons stated herein.

Regarding the first *Travelers* factor, Defendant argues that the Liability Action and the Declaratory Judgment Action are not truly "parallel" proceedings because it is not a party to the Liability Action, and because the two actions have "virtually no legal issues in common and very few facts in common." [FN8] Plaintiff disagrees, contending that resolution of both suits - including application of the coverage and exclusionary provisions at issue here - will require factual findings regarding the "event causing damage to [Plaintiff's] records." [FN9] Specifically, Plaintiff maintains that both suits will require determination of the "cause, nature, and extent of the damage" to Plaintiff's records. [FN10] Plaintiff additionally argues that Defendant not being a party to the Liability Action does not preclude abstention under *Brillhart* because, if this Court remands the Declaratory Judgment Action, Plaintiff will ask the state court to transfer this case to the same division in which the Liability Action is pending and consolidate the two actions. At that point, according to Plaintiff, Defendant then would be a party "in CDC proceedings again." [FN11]

> FN8. Defendant's March 24, 2003 Memorandum in Opposition to Plaintiff's Motion for Remand at 7.
>
> FN9. Plaintiff's April 1, 2003 Reply Memorandum in Support of Motion for Remand at 2.
>
> FN10. Plaintiff's March 7, 2003 Memorandum in Support of Motion for Remand at 5.
>
> FN11. *Id.* at 11. Plaintiff has not identified any Fifth Circuit jurisprudence in which the court abstained (or should have abstained), under the *Brillhart* abstention doctrine, where the pending state court suit did not involve the same issues and parties.

**\*3** The Court is not persuaded by Plaintiff's argument on this point. In applying the *Brillhart* abstention doctrine, the Fifth Circuit has emphasized the importance of the parties to the federal action also being parties to the pending state court proceeding, and of the state court proceeding presenting an opportunity for ventilation of the issues raised in the federal action. See *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372-74 (5th Cir.1998) (no parallel state proceeding where federal court plaintiff was not a party to state court action and could only assert its **insurance** claims in the state court action by affirmatively intervening in the pending

state court suit or commencing a separate state court declaratory action); *Exxon Corp. v. St. Paul Fire and Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir.1997) (for federal court to consider the propriety of a stay pending disposition of a state court action, the federal and state court actions must involve the same parties and issues); see also *Nautilus Ins. Co. v. Curtis Industrial Painting Co., Inc.*, 1998 WL 199372 (E.D.La.) (finding the federal and state court actions were not parallel because Nautilus was not a party to the state court suit and the issues of coverage and policy interpretation raised by Nautilus would not be litigated in state court unless Nautilus were named as a defendant in state court or filed a state court declaratory judgment action).

At this juncture, the parties to the two actions in question here are not presently parallel because Defendant is not a party to the Liability Action. Significantly, Defendant is a party to the Declaratory Judgment Action, and not the Liability Action, as a result of *Plaintiff's* decision to file a separate suit against Defendant in state court, rather than seeking to join Defendant in the pending Liability Action. Nor is this deficiency remedied by Plaintiff's circular argument that the two actions will have parallel parties *if* the Court grants the remand it requests. The prerequisites for abstention should be present before, and not a result of, the Court's decision to abstain. Furthermore, there is no guarantee that this action would be consolidated with the Liability Action if remanded. Although Plaintiff avers such action would be appropriate, that decision would be for the state court, not this Court, to make. Hence, a remand of the Declaratory Judgment Act conceivably could result in nothing more than the two suits proceeding separately in state court rather than federal court.

It also is not clear that the two actions involve parallel issues. Although both parties' briefs on this point are rather unhelpful, the Court suspects that there is at least some overlap in the factual issues to be decided in the two actions. [FN12] In particular, some of the affirmative defenses asserted in Defendant's answer raise questions that conceivably could be addressed in connection with the liability and/or coverage claims or defenses in the state court proceeding. For example, Defendant asserts that its policy does not insure: (a) losses caused by dampness in the atmosphere; (b) losses due to mold, wet or dry rot, or (c) losses caused by any act, error, or omission in constructing or maintaining buildings or structures. [FN13] Defendant further contends that Plaintiff failed to mitigate it damages. [FN14] Because the Court has not been provided with any of the pleadings or other documents submitted in the Liability Action, except Plaintiff's petition, however, the Court is not certain that these particular issues necessarily will be adjudicated by the state court. In any event, the Court has not been shown that *all* of the issues raised by Defendant in this action will be determined in the state court proceeding in the absence of Defendant seeking to intervene in the Liability Action or filing a separate state court suit and seeking transfer and **consolidation** with the Liability Action. [FN15]

> FN12. Despite the parties' disagreement regarding the commonality of the issues raised in this proceeding and the Liability Action, neither party informs the Court of the *specific* issues in dispute in either suit. Instead, both parties rely on very conclusory assertions, without citation to any pleading, legal memorandum, or other document filed or submitted in either action. Indeed, neither party referenced the affirmative defenses raised in Defendant's answer or submitted a copy of any of the answers filed in the Declaratory Judgment Action to this Court. Furthermore, although Plaintiff mentions, albeit in a footnote in its reply memorandum, that the state court has concluded through summary judgment that Republic-Vanguard provides coverage for the damage incurred by it, Plaintiff does not identify the issues addressed in that ruling or the findings providing the basis for the ruling.

> FN13. Defendant's February 10, 2003 Answer (Rec.Doc. No. 3),

Affirmative Defense Nos. 17-19.

> FN14. *Id.*, Affirmative Defense No. 20.

> FN15. For instance, Defendant contends that Plaintiff did not provide it with proper and timely notice of loss, suggests that Plaintiff's loss did not occur during the term of Defendant's policy, and asserts that the events or circumstances giving rise to Plaintiff's claims were known to Plaintiff before inception of the policy. *Id.*, Affirmative Defense Nos. 15-16 & 21.

**\*4** Similarly, the Court does not find that consideration of the remaining *Travelers* factors compels it to abstain and remand this action. Significantly, the Court finds the procedural posture of this case, *i.e.*, that Plaintiff's liability and **coverage action** against certain defendants is pending in state court while its coverage suit against Defendant is pending in federal court, is a situation entirely of Plaintiff's making. As indicated before, this is not a situation where an insurer chose to institute a declaratory judgment action in federal court in reaction to or in anticipation of being sued in state court. To the contrary, having full knowledge of the connection between the claims asserted in this suit and its claims in the Liability Action, Plaintiff chose to sue Defendant, a party having diverse citizenship, in an action separate from that instituted against the other non-diverse defendants. Not only did Plaintiff not attempt to join Defendant in the Liability Action, it apparently did not seek transfer and **consolidation** of the Declaratory Judgment Action immediately upon filing it. Rather, Plaintiff seemingly was content litigating the claims arising from the damage to its records in separate actions, at the obvious risk of possible inconsistent findings on issues common to the two suits, *until* Defendant chose to exercise its statutory right of removal. Under these circumstances, the Court is not particularly moved by Plaintiff's argument that separate litigation of these two actions might yield inconsistent results on particular factual issues. [FN16] Moreover, if any party has engaged in impermissible forum shopping, it appears to be Plaintiff, not Defendant. *Cf. Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987) (the removal statutes are predicated on giving diverse defendants a choice of a state or federal forum). [FN17]

> FN16. Plaintiff does not contend that coverage under Defendant's policy is conditioned upon liability determinations in the state court proceeding.

> FN17. The Court notes that, in addition to failing to seek to
>
> initially name Defendant in the Liability Action or to consolidate the Declaratory Judgment Action with the Liability Action prior to removal. Plaintiff has not subsequently sought to join Defendant in the Liability Action. Were the state court to allow that joinder, dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, or even a stay of this action pending resolution of what then should be a truly parallel pending state court proceeding, might be appropriate.

For similar reasons, although the Court recognizes that **consolidation** of the Declaratory Judgment Action with the Liability Action likely would yield some amount of judicial economy, the Court is not persuaded, on the showing made, that this possible benefit of uncertain magnitude outweighs the factors counseling against abstention. Further, given that Plaintiff seeks remand of this action for eventual **consolidation** with the Liability Action, rather than a stay or dismissal of this suit, and that Defendant presently is not a party to the Liability Action, the Court does not find that the relative progress of the two suits compels a conclusion that abstention is appropriate here. If anything, that some discovery on liability issues, as well as coverage issues relative to Republic-Vanguard's motion for summary judgment, has been conducted in the state court action, and that the issue of Republic-Vanguard's coverage obligation purportedly has been determined, may lead the state court to

conclude that consolidating the Declaratory Judgment Action with the Liability Action might retard the state court's progress, and, thus, is not appropriate. [FN18] In addition, because this Court is located in the same city as the state court, it is as convenient to the parties and witnesses as the state court.

> FN18. The Court also is uncertain how the Liability Action's present **consolidation** with additional suits filed by other persons who allegedly suffered damage to records stored at RSS might impact the state court's decision on this point.

**\*5** Finally, the Court acknowledges that it has been held that state courts have an interest in deciding issues of **insurance** law governed by state law. See Scottsdale Ins. Co. v. Bayou Land and Marine, 1999 WL 77714, \*6 (E.D.La.). Be that as it may, there has been no specification of what issues of **insurance** law appear to be at issue here, much less that they are "difficult, complex, or unsettled." Nautilus Ins. Co., 1998 WL 199372 at \*4. Accordingly, the Court will not decline to exercise its jurisdiction just because this is an **insurance** coverage case. Id.

II. Remand Under 28 U.S.C. § 1447(e)

Plaintiff also seeks to find support for its request for remand in 28 U.S.C. § 1447(e). That provision provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

See 28 U.S.C. 1447(e). The Fifth Circuit has recognized that evaluation of such a request requires balancing competing interests--the defendant's interest in retaining a federal forum and the dangers of inconsistent results and waste of judicial resources. See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987). In performing this task, district courts should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. See Hensgens, 833 F.3d at 1182; Bordelon v. Liberty Mut. Fire Ins. Co., 2002 WL 31246553, \*1 (E.D.La.). At the outset, the Court notes that Plaintiff's request does not fit squarely under § 1447(e). That is, Plaintiff does not seek to join additional non-diverse defendants to this action and then remand. Rather, Plaintiff seeks to remand this action for joinder of it, through transfer and **consolidation**, with a pending state court action arising out of the same factual occurence. Apparently unable to cite any case from this circuit sanctioning application of § 1447(e) in this manner, Plaintiff relies on Mensah v. World Truck Corp., 210 F.Supp.2d 320 (S.D.N.Y.2002); Mammano v. American Honda Motor Co., Inc., 941 F.Supp. 323 (W.D.N.Y.1996); and Morze v. Southland Corp., 816 F.Supp. 369 (E.D.Pa.1993), to support its argument that remand may be granted for this purpose. While providing some support for Plaintiff's position, these cases also are somewhat distinguishable from the situation before this Court. [FN19] Notwithstanding these differences, the end result that Plaintiff seeks, if accomplished, would be the same as if a request for joinder prior to remand had been made in this Court. Thus, an argument can be made that § 1447(e) should allow federal district courts to provide the relief that Plaintiff seeks, if that relief is supported by consideration of the factors set forth in Hensgens. Assuming this to be true, [FN20] the Court nonetheless is not persuaded--for essentially the same reasons that it does not find Brillhart abstention to be warranted--that remand under § 1447(e) is appropriate in this case.

> FN19. For example, in Mammano, the plaintiff's request that the court "remove" a previously filed state court action against additional defendants to federal court was construed as a request for joinder of non-diverse defendants and remand of the joined action under § 1447(e). See
> 
> Mammano, 941 F.Supp. 324-25. There is no such request for joinder of defendants to the removed action here. In Morze, unlike here, the plaintiff learned of the existence of an additional defendant that she believed to be a necessary party to the removed case during post-removal discovery. Morze, 816 F.Supp. at 370-71. Because the additional defendant was not diverse, Ms. Morze commenced a second action against him in state

court, and then sought remand of the removed action for **consolidation** with the subsequently filed state court action. *Id.* In *Mensah,* like here, there was no request for joinder of additional defendants to the federal court action. Unlike here, however, the remand there was requested by the *defendant,* with no opposition from the plaintiff, when a state court suit was filed by two other plaintiffs subsequent to removal. *Mensah,* 941 F.Supp. at 321-22. In granting defendant's request, the court emphasized that both parties to the removed action supported remand. *Id.* at 322. Additionally, there apparently was no question in *Morze* and *Mensah* that, upon remand, the removed case would be consolidated with the related state court action. Finally, in each of those cases, the courts seemingly were more satisfied than is this Court that substantial overlap of issues existed between the cases in question.

FN20. Because it is not required to do so here, the Court does not

decide this issue.

*\*6* First, as previously stated, there is no guarantee that this case would be transferred and consolidated with the Liability Action if it were remanded. If the state court determines such actions to be unwarranted, the joinder of all parties in one proceeding that § 1447(e) indisputably contemplates will not be accomplished. Second, while the two actions appear to have some common factual issues in dispute, there has been no showing made of the specific nature or quantity of such issues. Thus, the Court has no idea whether common issues, even in the damages context, predominate or, instead, pale in comparison to the disparate issues in the two cases.
Third, assuming there are some disputed issues common to the two actions, the Court recognizes that there is some risk of inconsistent results and duplication of effort with respect to those issues. Importantly, however, this is not a situation where Plaintiff was not aware of the existence of Defendant, the defendants to the Liability Action, or the basis of its claims against any of them, until after removal. Rather, Plaintiff created this situation by filing a separate state court action against a diverse defendant *after* it already had filed a non-removable suit, arising out of the same factual occurrence, against other defendants. Furthermore, the Court notes that there apparently was no motion to transfer and consolidate pending in state court at the time of removal. Indeed, as the Court understands, Plaintiff manifested a desire to try all of its claims arising out of the alleged damage to its records stored at RSS only after the Liability Action had been pending for nine months *and* Defendant removed the Declaratory Judgment Action to this Court. Under these circumstances, and given that Plaintiff has offered no satisfactory explanations for its actions, the Court views Plaintiff's request for remand to be both dilatory and primarily motivated to defeat federal jurisdiction. Accordingly, though it is true that this is not a situation where Defendant would be forced to duplicate substantial amounts of work if remanded, in light of the early stage of this action, the Court does not find that depriving Defendant of the federal forum allowed it by the removal statute is justified under the circumstances of this case. Thus, the Court will not order remand under 28 U.S.C. § 1447(e).
CONCLUSION
As stated herein, the Court has not determined remand of this declaratory judgment action to be warranted under the abstention doctrine recognized in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491 (1942), or pursuant to 28 U.S.C. § 1447(e). Accordingly, Plaintiff's Motion for Remand (Rec.Doc. No. 5) is DENIED.
ORDER
ROY LINDSEY has applied to this Court for a writ of habeas corpus under 28 U.S.C. § 2254. In order for the Court to determine the action, if any, that shall be taken on this application,
IT IS ORDERED that the Clerk of Court serve, by certified mail, a copy of this application and this Order on the Attorney General for the State of Louisiana and the District Attorney and the Clerk of Court for Orleans Parish, Louisiana.
*\*7* IT IS ORDERED that the Attorney General and District Attorney file an answer to the application, together with a legal memorandum of authorities in support of the answer within thirty (30) days of

the date of service. The answer shall state whether petitioner has exhausted state remedies, including any post-conviction remedies available to petitioner under Louisiana law and petitioner's right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. The answer shall further set forth the dates of filing and disposition of each appeal and post-conviction application and whether the 1-year period of limitation for filing this petition has expired.

IT IS ORDERED that the District Attorney for Orleans Parish, Louisiana shall file with the Court, within thirty (30) days of the entry of this order, a certified copy of the entire state court record. This shall include all pleadings, briefs, memoranda, and other documents filed in connection with any application for post-conviction relief or appeal, transcripts of *all* proceedings held in any state court, and all state court dispositions. In the event the District Attorney is unable to produce any of these documents, he shall advise the Court in writing as to the reason why he is unable to do so.

IT IS FURTHER ORDERED that the Clerk of Court shall take necessary precautions to insure that the state court record is not damaged or destroyed and shall, within thirty (30) days of the finality of these proceedings, including any appellate proceedings, return the state court record to the Clerk of Court for Orleans Parish, Louisiana.

All state court documents which are to be filed pursuant to this Order should be addressed to the Office of the Clerk, Pro Se Unit, United States District Court, 500 Camp Street, Room C-151, New Orleans, Louisiana, 70130.

E.D.La.,2003.
McDermott Inc. v. Industrial Risk Insurers
2003 WL 21362330 (E.D.La.)

**Motions, Pleadings and Filings (Back to top)**

• 2:03CV00402 (Docket) (Feb. 10, 2003)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.