UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, As Administrator And Personal Representative Of The Estate Of Katherine Kinsella, And Joseph A. Kinsella, Individually And On Behalf Of All Distributes Of Katherine Kinsella, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>Insurance Company Of North America, General Star Indemnity Company, Fireman's Fund Insurance Company, Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp.<br><br>Defendants. | Civil Action No: 05-10232-NMG |

**DEFENDANT WYMAN CHARTER CORP.'S OPPOSITION
TO "SHORE DEFENDANTS" MOTION TO CONSOLIDATE CIVIL ACTIONS**

Now comes Defendant, Wyman Charter Corp. ("Wyman Charter") and pursuant to Local Rule 7.1 (B)(2) files its opposition to the "Shore Defendants" motion to consolidate.

Wyman Charter disputes the Shore Defendants claim that the two suits involve "virtually identical facts" and that a consolidation "will serve judical and other economies" (Motion ¶2). As to the first in time civil wrongful death action, the actions of Defendants Joseph Jay and Cord Mitchell Shore who operated the SEA GENIE II on July 22, 2001 have been fully developed in connection with a concluded criminal action, United States v. Joseph Jay Shore and Mitchell Cord Shore, 02CR10413 RWZ. Joseph Jay and Cord Mitchell Shore ultimately plead guilty to

1

the criminal charges. Minimum, if any, discovery is necessary to determine the accountability of Joseph Jay and Cord Mitchell Shore concerning the events of July 22, 2001.

On the other hand, the declaratory judgment coverage action, C.A. No. 05-10232-NMG, involves different defendants, General Star Indemnity Company, Fireman's Fund Insurance Company, Insurance Company of North America ("INA") and a declaratory judgment counterclaim and cross-claim by INA which raise a multitude of issues separate and apart from the July 22, 2001 shipboard events. To the extent, "facts" involving the actual death of Ms. Kinsella may be relevant to the numerous coverage issues, and there are probably some, these "facts" have, as previously stated, for the most part been fully developed in the criminal action. Certain coverage arguments, however, such as the application of the doctrine of uberrima fides, will require extensive discovery and are in no way related to the July 22, 2001 shipboard events.

As a practical matter, the various coverage questions should be resolved first because until all the parties know what insurance proceeds, if any, are available, there can be no meaningful settlement discussions.

The coverage issues can be most expeditiously resolved if they do not become by a consolidation order interwoven with the wrongful death action. It may be that after dispositive motions and discovery that a consolidated trial would best serve the Court's and the partys' interests but at this time, all a consolidation will do is further complicate what already appears will be an extensive discovery process.

WYMAN CHARTER CORP.
By its Attorneys,

Date: June 1, 2005

*/s/ Bertram E. Snyder*

Bertram E. Snyder, BBO #471320
Patrick O. McAleer BBO#642627
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

### Certificate of Service

I hereby certify that on this 1st day of June 2005, I served the foregoing, by mailing a copy thereof, postage prepaid, to the following counsel of record:

Samuel M. Furgang, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737

Andrew V. Buchsbaum, Esquire
Friedman & James LLP
132 Nassau Street
New York, NY 10038

Peter G. Boylan, Esquire
Donovan & Hatem, LLP
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA 02210

Gary D. Centola, Esq.
Frank A. Valverde, Esq.
Rivkin Radler LLP
926 EAB Plaza
Uniondale, NY 11556

David E. Lurie, Esquire
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Thomas E. Clinton, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, S. 1400
Boston, MA 02108

David D. Dowd
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108

Ian McColgin
Defendant Pro-Se
P.O. Box 1991
Hyannis, MA 02601

*/s/ Bertram E. Snyder*

Bertram E. Snyder

3