UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KINSELLA, AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHERINE KINSELLA, AND JOSEPH A. KINSELLA, INDIVIDUALLY AND ON BEHALF OF ALL DISTRIBUTEES OF KATHERINE KINSELLA, DECEASED,<br><br>Plaintiffs,<br><br>vs.<br><br>INSURANCE COMPANY OF NORTH AMERICA, GENERAL STAR INDEMNITY COMPANY, FIREMAN'S FUND INSURANCE COMPANY, WYMAN CHARTER CORP., MICHAEL P. WYMAN, JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARALYN SHORE AND TOAD HALL CORP.<br><br>Defendants. | Civil Action No. 05-10232-NMG |

**DEFENDANT INSURANCE COMPANY OF NORTH AMERICA'S
OPPOSITION TO MOTION TO CONSOLIDATE CIVIL ACTIONS**

Insurance Company of North America (hereinafter "INA"), hereby opposes motion of the "Shore Defendants" to consolidate this insurance coverage action with a wrongful death suit pending against the Shore Defendants and others (Kinsella v. Wyman Charter Corp., et al., C.A. No. 04-11615-NMG).

Consolidation may be allowed in the Court's discretion "when actions involving a common question of law or fact are pending before the Court." Fed.R.Civ.P. 42(a). While the insurance coverage dispute arises out of the death of Katherine Kinsella and

there is possibility that some evidence may overlap, that does not mean that there is a common question of fact or law in the two cases. Moreover, even if there were a common issue, denial of consolidation is warranted if the common issue is not a central one. Wright & Miller, Federal Practice and Procedure: Civil 2d §2383 collecting cases. The Shore Defendants have cited one alleged common issue between the two cases -- the number of occurrences. INA disputes that assertion. In any event, that is hardly a dispute that is central to the wrongful death and insurance coverage suits.

Most importantly, the prejudice to INA if these cases are tried together is manifest. It is patently inappropriate to make the jury aware of potential insurance for the defendants. This judicial comment is prescient:

> [A] plaintiff ordinarily may not show that the defendant is insured against liability .... Exposing juries to such information is condemned because it is not itself probative of any relevant proposition and is taken to lead to undeserved verdicts for plaintiffs and exaggerated awards which jurors will readily load on faceless insurance companies supposedly paid for taking a risk.

Goldstein v. Gontarz, 364 Mass. 800, 808 (1974), citing Wigmore, Evidence (3d Ed.) §282(a)(1940); Accord, McCormick on Evidence, §168; Annot., 4 ALR 2d 761; Larson v. Powell, 16 F.R.D. 322 (D. Colo. 1954); Fed.R.Evid. 411.

Moreover, duplication of effort and minimization of any inconvenience can be avoided easily by methods other than consolidation. The Court may order or the parties may stipulate that all parties in both actions be notified of any deposition and be afforded the opportunity to participate and that discovery in one action may be used in the other. See Fed.R.Evid. 804(b)(1) as to admissibility.

**Conclusion**

The Shore Defendants' Motion to Consolidate should be denied. Although, the Court may enter an appropriate order as to the conduct of discovery.

                                              Respectfully submitted,

                                              INSURANCE COMPANY OF NORTH AMERICA

                                              By its Attorneys,

Date: May 31, 2005

                                              David D. Dowd, BBO#132660
Curley & Curley, P.C.
27 School Street, Suite 600
Boston, MA 02108
(617) 523-2990
ddd@curleylaw.com

**Certificate of Service**

I, David D. Dowd, hereby certify that on the date above written I served a true copy of the foregoing pleading by first class mail, postage prepaid, directed to:

Samuel M. Furgang, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
    furgang@srbc.com

David E. Lurie, Esquire
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
    dlurie@luriekrupp.com

Andrew V. Buchsbaum, Esquire
Friedman & James LLP
132 Nassau Street
New York, NY 10038
    abuchsbaum@friedmanjames.com

Thomas E. Clinton, Esquire
Clinton & Muzyka, P.C.
One Washington Mall, S. 1400
Boston, MA 02108
    tclinton@clinmuzyka.com

Paul G. Boylan, Esquire
Donovan & Hatem, LLP
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA 02210
    pboylan@donovanhatem.com

Bertram E. Snyder, Esquire
Looney & Grossman, LLP
101 Arch Street
Boston, MA 02110
    bertsnyder@lgllp.com

- 4 -

| | |
|---|---|
| Sarah B. Herlihy, Esquire<br>Mintz, Levin, Cohn, Ferris,<br>Glovsky & Popeo, P.C.<br>One Financial Center<br>Boston, MA  02111<br>sbherlihy@mintz.com | Mark W. Roberts, Esquire<br>McRoberts, Roberts & Rainier, LLP<br>53 State Street<br>Boston, MA  02109<br>mroberts@mcrobertslaw.com<br><br>_____<br>David D. Dowd |