UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JOSEPH A. KINSELLA, As Administrator and Personal )
representative Of The Estate Of Katherine Kinsella, And )
JOSEPH A. KINSELLA, Individually And On Behalf Of )
All Distributees Of Katherine Kinsella, Deceased, ) **CIVIL ACTION NO.**
) **05-10232-NMG**
Plaintiffs, )
) **(JUDGE NATHANIEL M.**
v. ) **GORTON)**
)
INSURANCE COMPANY OF NORTH AMERICA )
GENERAL STAR INDEMNITY COMPANY, )
FIREMAN'S FUND INSURANCE COMPANY, )
WYMAN CHARTER CORP., MICHAEL P. )
WYMAN, JOSEPH JAY SHORE, CORD MITCHELL )
SHORE, CARALYN SHORE, AND TOAD HALL CORP.,)
)
Defendants. )

---

## DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S OPPOSITION TO MOTION TO CONSOLIDATE

Defendant, Fireman's Fund Insurance Company ("FFIC"), by and through its attorneys, MCROBERTS, ROBERTS & RAINER, L.L.P. and RIVKIN RADLER LLP, hereby opposes the motion of co-defendants JOSEPH JAY SHORE, CORD MITCHELL SHORE, CARALYN SHORE, AND TOAD HALL CORP. (hereinafter the "Shore Defendants") to consolidate the instant insurance coverage action (the "Coverage Action") with a wrongful death suit entitled *Kinsella v. Wyman Charter Corp.*, et al., Docket No. 04-11615 (NMG)(the "Wrongful Death Action").

### A. The Actions Should Not be Consolidated Because There Are No "Central" Common Parties Or Issues of Law Or Fact

Rule 42(a) grants the court discretion to consolidate actions involving common issues of law or fact. Specifically, Rule 42 provides as follows:

42. Consolidation; Separate Trials

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In determining whether to order consolidation, the court must first ask whether the two proceedings involve common parties and common issues of fact or law. *See Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). Once that determination has been made, the court must weigh the costs and benefits of consolidation to decide whether that procedure is appropriate. *Id.*

Here, while the plaintiff is a common party to both actions, the plaintiff is an improper party to the Coverage Action pursuant to Massachusetts' direct action statute. *See* M.G.L. c. 214 § 3(9); *Tessier v. State Farm Mut. Ins. Co.*, 458 F.2d 1299 (1st Cir. 1972)(rejecting injured party's attempt to commence direct action against tortfeasor's insurer); *Szafarowicz v. Gotterup*, 68 F.Supp. 2d 38 (D. Mass. 1999)(J. Gorton)(dismissing personal injury claims on grounds that Massachusetts law bars direct actions by injured persons against the alleged tortfeasor's insurer until a judgment is obtained against the tortfeasor). Indeed, Fireman's Fund will be filing a motion to dismiss the Kinsella plaintiffs from the Coverage Action and the Court has granted Fireman's Fund until August 3, 2005 to do so.

Moreover, each action involves a multitude of separate and distinct parties. The Wrongful Death Action names the following parties which are not named in the Coverage Action: (1) Defendant Ian McColgin; (2) The Motor Vessel "Sea Genie II," her Engines, Tackle and Appurtenances, *In Rem*; (3) The Sailing Vessel "Granuaile," her Engines, Tackle and Appurtenances, *In Rem*; (4) Third-Party Defendant Rory VanDamme; and Third-Party Defendant Martin Mahon. The Coverage Action names the following parties that are not named

in the Wrongful Death Action: (1) Insurance Co. of North America; (2) General Star Indemnity Company; and (3) Fireman's Fund Insurance Company. If the Court were to consolidate the two actions, the Court would place a burden on these parties by requiring them to respond to burdensome and unnecessary discovery and deposition questioning.

Indeed, the only common parties to both actions are the Shore Defendants and the Wyman Defendants.[1] The central issues of fact and law to be litigated between these defendants and their alleged insurers are strikingly different from the issues to be litigated in the wrongful death action. Consolidation is inappropriate if the common issues in each action are not central to the disputes. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2383 (collecting cases); *Curtis v. Das*, 1990 U.S. Dist. LEXIS 3791 (N.D. Ill. 1990)(denying consolidation because common issues in each were not central to actions).

Here, the Coverage Action involves breach of contract and bad-faith issues between the alleged insureds and their alleged insurers, which rely on contractual language in the relevant policies of insurance. Central issues are: (1) whether the insurance policies provide coverage; (2) whether exclusions in the policies bar coverage; and (3) whether the individual defendants are insureds under the policies. The wrongful death action involves negligence issues regarding individual culpability arising from the death of Katherine Kinsella. While underlying facts and evidence may overlap, there are no common "central" issues of fact or law in the actions. Moreover, as demonstrated in the opposition of Wyman Charter Corp., much of the underlying facts are already established and undisputed.

In *Willard v Town of Lunenburg*, 202 FRD 57 (D.C. Mass 2001)(J. Gorton), this Court specifically rejected consolidation of a wrongful death action with an action against an insurer. In *Willard*, the parents of Kathleen Willard, a young woman killed during a motor vehicle

---

[1] Notably, Wyman Charter Corp. has opposed consolidation.

accident, sued James Lynch, the operator of a truck involved in the accident, and the Town of Lunenburg, Lynch's employer. Lynch filed a separate action against, among others, his insurer, Concord Group Insurance Co., alleging bad faith settlement practices. This Court refused to consolidate the two actions, in large part because the wrongful death action was approaching the eve of trial. However, this Court also found that consolidation was improper because "the issues with respect to insurance settlement practices are, at best, tangential to the ultimate question of negligence in the pending case [...]."

Similarly, here, the issues regarding decedent Katherine Kinsella's death are, at best, only tangentially related to the coverage issues to be litigated in the Coverage Action. The Shore Defendant's claim that the boat collision in question, and the subsequent fall of the decedent off the Boat two hours later, raises common issues as to whether there exists one or two occurrences. This argument serves as a red herring designed to mislead the Court. Nowhere in the pleadings is it suggested that Katherine Kinsella received injuries from two separate occurrences.

B. **The Actions Should Not be Consolidated Because Consolidation Would Prejudice FFIC And Confuse The Jury**

It is clear that a consolidation of the two actions for trial is improper as it will only serve to confuse the jury and prejudice the insurer defendants.[2] It is settled that, even if common parties and issues exist in the actions, consolidation is improper if the opposing party can demonstrate prejudice or confusion to the jury. *See Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8; *Willard v Town of Lunenburg* 202 FRD 57. Here, consolidation of the two actions for a jury trial is clearly prejudicial to the insurers because the jury would learn of the existence of insurance. *See Goldstein v. Gontartz*, 364 Mass. 800, 808 (1974). Exposing juries to such information is condemned because it can lead to undeserved

---

[2] Notably, the Shore Defendants seem to accept that there must be two separate trials in this action. *See* motion at ¶¶ 3-4.

4

verdicts and exaggerated awards which jurors will readily decide against wealthy and faceless insurance companies supposedly paid for taking the risk. *Id.*

A consolidation is also prejudicial to FFIC because it forces FFIC to assist in establishing Plaintiff's case in the Wrongful Death Action, for example, by proving intentional acts by the alleged insureds in the Coverage Action. Further, consolidation would align the Shore defendants with the Plaintiff in the Coverage Action, because they each desire an insurer's deep pockets, while they would remain in conflict in the Wrongful Death Action. Consolidation is prejudicial if, as here, it aligns a party in a portion of the litigation with parties whom he or she has a conflicting interest in other portions of the litigation. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2383 (collecting cases).

Moreover, the consolidation of negligence issues with coverage issues will undoubtedly be confusing to a jury, who would have to weigh completely different claims, theories, and defenses. *See, e.g., Willard v. Town of Lunenburg*, 202 FRD 57 (J. Gorton)(denying consolidation of wrongful death action with action involving insurer's unfair settlement practices because, among other things, the combined issues would confuse a jury). Accordingly, consolidation of the two actions for trial would be inappropriate.

Notably, even if this Court decides to try the Coverage Action as a bench trial, FFIC urges this Court not to consolidate the trials because of the aforementioned prejudice issues and the fact that there are simply too many unrelated issues in the actions which will otherwise lead to undue waste and confusion.

C. **In The Alternative, The Court Can Consolidate The Actions For Discovery Only But Limit Plaintiff's Participation To The Wrongful Death Action**

On July 3, 2005, the parties appeared before this Court for a Fed. R. Civ. P. 16 conference where the issue of consolidation was discussed. At that time, the Court expressed its inclination to consolidate the actions for discovery, but not for trial, and suggested that a bench

5

trial was appropriate for the Coverage Action. The trial of the Coverage Action would be completed prior to the trial of the Wrongful Death Action. With regard to the Court's inclination to consolidate the actions for purposes of discovery, this Court opined that Plaintiff should only be allowed to participate in discovery relating to the Wrongful Death Action and not the Coverage Action. For example, Plaintiff would not be entitled to obtain claims file information from the insurer defendants or propound questions at depositions concerning the Coverage Action, including the depositions of the insurer defendants.

In the event this Court decides to consolidate the actions for discovery as stated above, instead of rejecting consolidation outright, FFIC respectfully urges the Court to do so consistent with the caveats stated above by denying a consolidated trial and limiting Plaintiff's participation in discovery to the Wrongful Death Action only.

## CONCLUSION

Based on the foregoing, the Shore Defendant's motion to consolidate should be denied in all respects because of: (1) a lack of central common parties and issues; (2) prejudice to FFIC and the other insurers; and (3) undue confusion to the jury. In the alternative, it is respectfully requested that this Court deny a consolidated trial and limit Plaintiff's participation in discovery to the Wrongful Death Action only.

Dated: June 9, 2005

Yours, etc.

RIVKIN RADLER LLP

By: _____
GARY D. CENTOLA
FRANK VALVERDE  *Pro Hac Vice*
Attorneys for Defendant
Fireman's Fund Insurance Co.
926 EAB Plaza
Uniondale, NY 11556-0926

(516) 357-3000

MCROBERTS, ROBERTS & RAINER, L.L.P.

By: _____
MARK W. ROBERTS, BBO # _____
Attorneys for Defendant
Fireman's Fund Insurance Co.
Exchange Place
53 State Street
Boston, MA 02139

TO:

David E. Lurie, Esq.
Lurie & Krupp, LLP
Attorneys for Plaintiffs
One McKinley Square
Boston, MA 02109
(617) 367-1970

Andrew V. Buchsbaum, Esq.
Friedman & James LLP
Attorneys for Plaintiffs
132 Nassau Street
New York, NY 10038
(212) 233-9385

Paul G. Boylan, Esq.
Donovan Hatem LLP
Attorneys For Toad Hall Corp.
and the Shore defendants
Two Seaport Lane
Boston, MA 02210
(617) 406-4513

Bertram E. Snyder, Esq.
Looney & Grossman LLP
Attorneys for defendant Wyman
Charter Corp.
101 Arch Street
Boston, MA 12108

Samuel M. Furgang, Esq.
Sugarman, Rogers, Barshak &
Cohen, P.C.
Attorneys for defendant General Star
Indemnity Co,
101 Merrimac Street
Boston, MA 02114

Thomas E. Clinton, Esq.
Clinton & Muzyka, P.C.
Attorneys for defendant Michael P.
Wyman
One Washington Mall, Suite 1400
Boston, MA 02108

David E. Dowd, Esq.
Curley & Curley, P.C.
Attorneys for defendant Insurance
Company of North America
27 School Street, Suite 600
Boston, MA 02108

1864231 v1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

I, JOANN FIORELLO, being sworn, say:

I am not a party to the action, am over 18 years of age and reside in MALVERNE, NEW YORK.

On **June 9, 2005**, I served the within **DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S OPPOSITION TO MOTION TO CONSOLIDATE** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

| | |
|---|---|
| David E. Lurie, Esq.<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109 | Bertram E. Snyder, Esq.<br>Looney & Grossman LLP<br>101 Arch Street<br>Boston, MA 12108 |
| Andrew V. Buchsbaum, Esq.<br>Friedman & James LLP<br>132 Nassau Street<br>New York, NY 10038 | Samuel M. Furgang, Esq.<br>Sugarman, Rogers, Barshak & Cohen, P.C.<br>101 Merrimac Street<br>Boston, MA 02114 |
| Paul G. Boylan, Esq.<br>Donavan Hatem LLP<br>Two Seaport Lane<br>Boston, MA 02210 | Thomas E. Clinton, Esq.<br>Clinton & Muzyka, P.C.<br>One Washington Mall, Suite 1400<br>Boston, MA 02108 |
| David E. Dowd, Esq.<br>Curley & Curley, P.C.<br>27 School Street<br>Suite 600<br>Boston, MA 02108 | |

_/s/ Joann Fiorello_<br>**JOANN FIORELLO**

Sworn to before me this
9th day of June, 2005

_/s/ Joyce Branche_
Notary Public

1865318 v1

JOYCE BRANCHE
Notary Public, State of New York
No. 01BR4814964
Qualified in Nassau County
Commission Expires August 31, 2006