UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>            Plaintiffs,<br><br>            v.<br><br>Insurance Company of North America, General Star Indemnity Company, Fireman's Fund Insurance Company, Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp.,<br><br>            Defendants. | Civil Action No.: 05-10232<br><br>Judge Nathaniel M. Gorton |
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>            Plaintiffs<br><br>            v.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem,<br><br>            Defendants. | Civil Action No.: 04-11615<br><br>Judge Nathaniel M. Gorton |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO
<u>CONSOLIDATE ACTIONS</u>**

Plaintiffs submit this Memorandum in support of the motion by defendants Joseph Shore, Cord Shore, Carylyn Shore and Toad Hall Corp. (collectively the "Shore defendants") to consolidate the two above-captioned actions.

Plaintiffs support the consolidation of these matters. Because these actions involve numerous identical parties and virtually identical issues of fact, the Court should order consolidation pursuant to Fed.R.Civ.P. 42(a).

**The Relevant Facts**

These matters arise from the tragic death of Katherine Kinsella.

On July 20, 2004, plaintiffs commenced the wrongful death action captioned above, civil action number 04-11615 (the "Wrongful Death Action"). Based on voluntary disclosure in the Wrongful Death Action, certain issues came to light regarding the existence of insurance coverage in the Wrongful Death Action.

Accordingly, on February 4, 2005, plaintiffs filed the declaratory judgment action captioned above bearing civil action number 05-10232 (the "Declaratory Judgment Action"). The Declaratory Judgment Action was filed as related to the Wrongful Death Action and was assigned to the Hon. Nathaniel M. Gorton, the same judge assigned to the Wrongful Death Action. Numerous cross-claims and a counterclaim have been interposed in the Declaratory Judgment Action.

On May 24, 2005, the Shore defendants filed their motion to consolidate pursuant to Fed.R.Civ.P. 42.

At a June 3, 2005 Scheduling Conference in the Declaratory Judgment Action, the Court indicated it was inclined to order consolidation and invited further briefing. The Court established a discovery schedule suggesting discovery in both actions would proceed

simultaneously, and recognized the likelihood of dispositive motions being made to resolve the insurance issues.

**Discussion**

**A.    Legal Standard**

Fed.R.Civ.P. 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In analyzing a request for consolidation, "the threshold issue in determining whether to consolidate cases under Rule 42(a), Fed.R.Civ. P. is whether the two proceedings involve a common party and common issues of fact or law." Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). Once this determination is made, "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). In making such a determination, "it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." Data General Corp. v. Grumman Systems Support Corp., 834 F. Supp. 477, 487 (D. Mass. 1992).[1]

---

[1] The case cited by defendant Michael P. Wyman, McDermott Inc. v. Industrial Risk Insurers, 2003 WL 21362330 (E.D. La. 2003), pertained to issues regarding remand and federal abstention and should have no bearing on the instant motion.

7

**B.      Application of Legal Standard:**

**(1)     Consolidation is warranted where, as here, numerous parties are identical and the facts overlap:**

Of the 18 parties joined in the two actions, 14 are identical.

A review of the factual allegations contained in the two Complaints reveals they are virtually identical.

Of the voluntary disclosures served to date in the two actions, the witnesses identified substantially overlap and consist primarily of the parties, investigating authorities and passengers.

**(2)     There has been no delay or prejudice to any party regarding discovery**

Other than document disclosure, no depositions have occurred in either action. Accordingly, there can be no claim of surprise or prejudice to any party in either action.

**(3)     No party has demanded a jury in the Declaratory Judgment Action**

No jury demand has been made in the Declaratory Judgment Action. See Fed.R.Civ.P. 38.  Accordingly, the concerns expressed by defendant Insurance Company of North America regarding a jury's consideration of insurance issues in conjunction with a wrongful death claim (a valid objection) are moot.  In any event, the insurance coverage issues will most likely be resolved (or at least crystallized) by way of summary judgment motions.

**(4)     The proposed schedule established by the Court promotes judicial economy, and avoids duplication of effort**

Most (if not all) of the witnesses to be deposed in the two actions are identical. The factual issues are likewise similar.  There is no valid reason to require discovery and trial to occur twice.  Counsel and the Court are well able to ensure that discovery and trial proceed so as to protect each party's rights.

Dated: June 10, 2005

        Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,

        By their attorneys,

        /s/_____
        Andrew V. Buchsbaum
        admitted *pro hac vice*
        Friedman & James LLP
        132 Nassau Street
        New York, NY  10038
        (212) 233-9385
        (212) 619-2340 (facsimile)

## Certificate of Service

I, Andrew V. Buchsbaum, hereby certify that on June 10, 2005, I served a true copy of the foregoing Memorandum in Support of motion to consolidate by first class mail, postage prepaid, directed to:

Samuel M. Furgang, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
Attorneys for defendant General Star
101 Merrimac St.
Boston, MA   02114-4737

Paul G. Boylan, Esq.
Donovan & Hatem, LLP
Attorneys for the Shore Defendants
World Trade Center
Two Seaport Lane, 8th Floor
Boston, MA   02210

Sarah B. Herlihy, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
Co-Counsel for plaintiffs in Wrongful Death action
One Financial Center
Boston, MA   02111

Bertram E. Snyder, Esq.
Patrick O. McAleer, Esq.
Looney & Grossman LLP
Attorneys for Wyman Charter Corp.
101 Arch Street
Boston, MA   02110

Thomas E. Clinton, Esq.
Clinton & Muzyka, P.C.
Attorneys for defendant Michael Wyman
One Washington Mall, Suite 1400
Boston, MA   02108

David D. Dowd, Esq.
Curley & Curley, P.C.
Attorneys for defendant Insurance Company of North America
27 School St., Suite 600
Boston, MA   02108

Mark W. Roberts, Esq.
McRoberts, Roberts & Rainer, LLP
Attorneys for Fireman's Fund
53 State Street, Exchange Place
Boston, MA   02109

Gary D. Centola, Esq.
Frank A. Valverde, Esq.
Rivkin Radler LLP
Attorneys for Fireman's Fund
926 EAB Plaza
Uniondale, NY   11556-0926

        /s/Andrew V. Buchsaum_____
        Andrew V. Buchsbaum