UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>　　　　　　Plaintiff<br><br>　　　　　v.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem,<br><br>　　　　　　Defendants.<br><br>　　　　　v.<br><br>RORY VANDAMME and MARTIN MAHON,<br><br>　　　　　　Third-Party Defendants. | Civil Action No.: 04-11615-NMG |

**PLAINTIFFS' MOTION TO ENTER JUDGMENT AGAINST DEFENDANTS JOSEPH J. SHORE, CORD MITCHELL SHORE, CARALYN SHORE & TOAD HALL CORP.**

Plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased, move to reopen this action (i) to enforce the terms of a Settlement Agreement entered into between the parties and (ii) to enter judgment against defendants Joseph J. Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp. (collectively sometimes

referred to herein as the "Shore Defendants") jointly and severally in the amount of $105,000, plus interest, costs and attorney's fees.

The present Motion is necessitated by the actions of the Shore Defendants, who, after extensive mediation during which they had the advice and assistance of counsel, after agreeing to and executing a written Settlement Agreement and after reporting this case settled to this Court, now refuse to abide by the terms of that Settlement Agreement.

### The Relevant Facts

1. This maritime wrongful death action was commenced on July 20, 2004 and was consolidated with a related action commenced in this Court bearing Civil Action Number 05-10232.

2. By answers filed August 17, 2004, the Shore Defendants appeared in this action by and through counsel, Paul G. Boylan, Esq. of the firm Donovan Hatem LLP.

3. On February 28, 2006, an extensive mediation was conducted in Boston under the auspices of mediator Brian Flanagan, Esq. Defendants Joseph J. Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp., along with their counsel, Paul G. Boylan, Esq. personally appeared and participated in the mediation, in addition to other parties and their counsel.

4. As a result of the mediation, a settlement was reached in this action, the terms of which are confidential. A partially redacted copy fully executed copy of the Settlement Agreement and Mutual Release ("Settlement Agreement"), which was signed by the Shore Defendants on or about May 13, 2006 is annexed hereto as <u>Exhibit 1</u>. Pursuant to the Settlement Agreement, the Shore Defendants were to pay $105,000.

5. On May 17, 2006, upon being advised of the settlement, this Court entered a Settlement Order of Dismissal (docket entry #56), dismissing the action "without costs and

without prejudice to the right of any party upon good cause shown within forty-five (45) days to reopen the action if settlement is not consummated."

6. To date, all parties with the exception of the Shore Defendants have paid their portions of the settlement pursuant to the Settlement Agreement. To date, the Shore Defendants have paid nothing pursuant to the Settlement Agreement and have affirmatively stated that they do not intend to immediately make full payment as required by the terms of the Settlement Agreement. Plaintiffs and all other parties, with the exception of the Shore Defendants, have fully complied with all terms of the Settlement Agreement.

## Argument

The Shore Defendants entered into the Settlement Agreement resolving the present action after extensive mediation and with the advice of their counsel. The written Settlement Agreement, executed by the Shore Defendants and attached as Exhibit 1, leaves no doubt as to the existence of a settlement agreement between the parties or the terms of that agreement. The Shore Defendants have no defense to the enforcement of the Settlement Agreement.

In Massachusetts, there exists a "well-established policy" favoring private settlement of disputes. Ismert and Assocs., Inc. v. New England Mut. Life Ins. Co., 801 F.2d 536, 550 (1st Cir. 1986) (applying Massachusetts law). In Kroutik v. Momentix, Inc., 2003 WL 1962486, (Suffolk Sup. Ct., April 2, 2003) (van Gestel, J.), as in the present case, the parties mediated their dispute just prior to trial and reported to the court that the case had been settled. Thereafter, one of the parties refused to abide by the terms of the Settlement Agreement. In enforcing the agreement on summary judgment, Judge van Gestel quoted Correia v. DeSimone, 34 Mass. App. Ct. 601, 603 (1993) in stating that the judicial process would be

> …. ill served if those intimately involved in the process … could not rely on declarations of settlement made to the court …It defies logic and fundamental

3

principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge and other litigants appear to have relied on that acknowledgment.

This Court should reopen this action and summarily enforce the settlement agreement and enter judgment against the Shore Defendants. See, e.g., Petition of Mal de Mer Fisheries, 884 F. Supp. 635, 638 (D. Mass. 1995) (summary enforcement of settlement agreement appropriate without need for evidentiary hearing); Young v. FDIC, 103 F.3d 1180, 1194 (4th Cir. 1997) (court summarily enforced release on motion, stating that it had "inherent authority" to enter judgment enforcing a settlement agreement); Petty v. Timken Corp., 849 F.2d 130, 132-33 (4th Cir. 1988) (summary enforcement of a settlement agreement without a hearing was appropriate when there was no material question as to the existence of a settlement); Vari-O-Matic Mach. Corp. v. New York Sewing Mach. Attachment Corp., 629 F. Supp. 257, 258-59 (SDNY 1986) (court stated that it had "the inherent power, and indeed the duty, to enforce a settlement in a case pending before it." Since both parties had represented that there was a settlement to the court, no hearing was needed and the "court is empowered summarily to require the parties to comply with their representations without holding a hearing.")

WHEREFORE, plaintiffs Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, seek an order reopening this matter and entering judgment against defendants Joseph J. Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp. jointly and severally in the amount of $105,000, plus interest, costs and attorney's fees, along with such other and further relief as the Court deems just and proper.

4

Dated: June 28, 2006

          Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,

          By their attorneys,

           /s/ Andrew V. Buchsbaum
          Andrew V. Buchsbaum*
          Friedman & James LLP
          132 Nassau Street
          New York, NY 10038
          (212) 233-9385
          (212) 619-2340 (facsimile)

          *admitted pro hac vice

           /s/ Sarah B. Herlihy
          Sarah B. Herlihy, BBO #640531
          Mintz, Levin, Cohn, Ferris,
           Glovsky and Popeo, P.C.
          One Financial Center
          Boston, MA 02111
          (617) 542-6000
          (617) 542-2241 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail and electronic notice on June 28, 2006.

                       /s/ Andrew V. Buchsbaum
                       Andrew V. Buchsbaum

# EXHIBIT 1

*SETTLEMENT AGREEMENT AND MUTUAL RELEASE*

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of this _____ day of April, 2006, by and among the following Parties: Joseph A. Kinsella, as Administrator and personal representative of the Estate of Catherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Catherine Kinsella, deceased (collectively the "Kinsella Plaintiffs"), Insurance Company of North America ("INA"), General Star Indemnity Company ("General Star"), Wyman Charter Corp. ("Wyman Charter"), Michael P. Wyman ("Wyman"), Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore and Toad Hall Corp. (collectively "the Shores").

Whereas, the Kinsella Plaintiffs commenced litigation against Wyman Charter, Wyman and the Shores, in a suit captioned *Kinsella, et al. v. Wyman Charter, et al*, United States District Court District of Massachusetts, Civil Action No. 04-11615NMG (the "Underlying Litigation"), seeking damages as a result of the alleged wrongful death of Catherine Kinsella (erroneously spelled "Katherine" in the Complaint); and

Whereas, the Kinsella Plaintiffs commenced a related action in a suit captioned *Kinsella, et al. v. Insurance Company of North America, et al.*, United States District Court District of Massachusetts, Civil Action No. 05-10232NMG (the "Coverage Litigation") seeking insurance coverage for the wrongful death action; and

Whereas, the Shores filed cross-claims in the Coverage Litigation seeking insurance coverage for the wrongful death action; and

Wheareas, the Shores filed third-party actions in the Underlying Litigation against Rory VanDamme and Martin Mahon for which no answers have been served; and

Whereas, the Parties are desirous of settling all claims in the Underlying Litigation and the Coverage Litigation (collectively the "Litigation") or arising in any way out of the subject matter of the Litigation, the Parties hereby agree as follows:

1. The Kinsella Plaintiffs will receive a total of ▮▮▮▮ according to the following allocation: ▮▮ will pay ▮▮▮▮; ▮▮▮▮ will pay ▮▮▮▮; the Shores will pay $105,000; and the sum of ▮▮▮▮ held in escrow from the sale of the vessel Sea Genie II will be released and paid to the Kinsella Plaintiffs.

2. In consideration of the foregoing promises and payments, and the mutual releases contained herein, the Kinsella Plaintiffs and their predecessors, successors and assigns, hereby unconditionally and irrevocably remise, release and forever discharge INA, General Star, Wyman Charter, Wyman, the Shores, and all their agents, employees, predecessors, successors, attorneys, insurers, subsidiaries, representatives, and the respective heirs, estate or assigns of each (collectively the "Kinsella Releasees"), from any and all suits, claims, demands, actions and causes of action, rights, obligations, promises, agreements, fees and expenses, of any type or nature, both in law and in equity, which the Kinsella Plaintiffs now have, or ever had or may have against each or any of the Kinsella Releasees by any matter, cause or thing which has happened, developed or occurred prior to the signing of this Agreement, including specifically any claims relating to the death of Catherine Kinsella or to the provision of insurance coverage for the Underlying Litigation or any matters which were or could have been alleged in the Litigation.

3. In consideration of the foregoing promises and payments and the mutual releases contained herein, the Shores, Wyman and Wyman Charter, hereby unconditionally and

2

irrevocably remises, releases, and forever discharge General Star and INA, and all of their agents, employees, predecessors, successors, attorneys, insurers and representatives from any and all suits, claims, demands, actions and causes of action, rights, obligations, promises, agreements, contracts, fees or expenses, of any nature or type, both in law or in equity, which the Shores, Wyman and Wyman Charter now have, or ever had or may have against each or any of General Star and INA by reason of any matter, cause or thing which has happened, developed or occurred prior to the signing of this Agreement, including specifically any claims relating to the provision of insurance coverage by General Star or INA to the Shores, Wyman or Wyman Charter or any of the matters alleged in the Litigation. This includes but is not limited to any assertion of unfair claim settlement practice on the part of General Star and/or INA.

4. The Parties agree that as part of the consideration for this Settlement Agreement, a Stipulation of Dismissal of all claims, counterclaims, cross-claims and third-party claims, with prejudice and without costs, will be signed and filed in the Litigation. Each party will bear their own attorneys' fees and hereby waive all rights of appeal in connection with the Litigation.

5. The Parties agree further that the terms of this settlement and of the Litigation are confidential. They specifically agree not to disclose the terms or conditions of this settlement and the negotiations proceeding it to any person, with the exception of the immediate family of the parties hereto, tax advisors, attorneys, insurers, or potential insurers, unless otherwise necessary in accordance with the service of legal process or any order of a court or administrative tribunal. All Parties also agree that they will not make any disparaging statements concerning any other Party.

3

6.  Notwithstanding any of the foregoing terms in the Release, each Party retains the right to make a claim for, or bring suit based upon, any breach of any term of this Agreement.

7.  This Agreement is in settlement of disputed claims and is intended by the Parties as a final expression of their agreement. This Agreement and the payments made pursuant thereto are not to be construed as an admission of liability by any Party, which liability is expressly denied.

8.  This Agreement has occurred in the Commonwealth of Massachusetts and shall be construed according to the laws of the Commonwealth of Massachusetts. The parties hereby consent to jurisdiction and venue for any litigation relating to this Agreement solely in Boston, Massachusetts.

9.  Each of the parties represents and warrants that (i) he, she or it has obtained the advice of an independent counsel of his, her or its choice; (ii) he, she or it has read this Agreement and knows and understands its contents fully; (iii) he, she or it is freely and voluntarily entering into this Agreement; and (iv) the execution of this Agreement by such party is not the result of any fraud, duress, mistake or undue influence whatsoever.

10. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. This Agreement may be signed in multiple counterparts.

11. In the event any provision of this Agreement is determined to be void or unenforceable, all other provisions shall remain in full force and effect.

12. This Agreement has been fully negotiated by all the Parties and constitutes the entire agreement of the parties pertaining to the subject matter contained herein. This Agreement

supersedes all prior agreements whether written or oral. Accordingly, no prior drafts or memoranda prepared by any party shall be used to construe or interpret any provision hereof.

13. This Agreement may not be altered, amended or modified in any way whatsoever, except by a writing duly signed by all parties.

14. The Parties, without further consideration, agree to execute and deliver such other documents and take such other action as may be necessary to effect this Agreement.

Witness my hand and seal this _____ day of April, 2006.

_____     _____
Witness                              General Star Indemnity Company
                                     By: John Carroll, Vice President and
                                     Claim Counsel of General Star
                                     Management Company, the Managing
                                     General Agent of General Star
                                     Indemnity Company


_____     _____
Witness                              Joseph A. Kinsella, individually and on
                                     behalf of all distributees of Catherine
                                     Kinsella, deceased



_____     _____
Witness                              Insurance Company of North America
                                     By:

5

supersedes all prior agreements whether written or oral. Accordingly, no prior drafts or memoranda prepared by any party shall be used to construe or interpret any provision hereof.

13. This Agreement may not be altered, amended or modified in any way whatsoever, except by a writing duly signed by all parties.

14. The Parties, without further consideration, agree to execute and deliver such other documents and take such other action as may be necessary to effect this Agreement.

Witness my hand and seal this _____ day of April, 2006.

_____    _____
Witness                      General Star Indemnity Company
                             By: John Carroll, Vice President and
                             Claim Counsel of General Star
                             Management Company, the Managing
                             General Agent of General Star
                             Indemnity Company

_____/s/_____  _____/s/_____
Witness                      Joseph A. Kinsella, individually and on
                             behalf of all distributees of Catherine
                             Kinsella, deceased

_____/s/_____  _____/s/_____
Witness                      Insurance Company of North America
                             By:

5

_____    _____
Witness                      Wyman Charter Corp.
                             By: Michael P. Wyman, President

_____    _____
Witness                      Michael P. Wyman

_____    _____
Witness                      Joseph Jay Shore

_____    _____
Witness                      Cord Mitchell Shore

_____    _____
Witness                      Caralyn Shore

_____    _____
Witness                      Toad Hall Corp.
                             By:

375790.1

6

| Witness | Wyman Charter Corp.<br>By: |
|---|---|
| Witness *(signed)* | Michael P. Wyman |
| Witness *(signed: Christopher R. ......)* | Joseph Jay Shore *(signed)* |
| Witness *(signed)* | Cord Mitchell Shore *(signed)* |
| Witness *(signed)* | Caralyn Shore *(signed)* |
| Witness *(signed)* | Toad Hall Corp. *(signed: Toad Hall Corp)*<br>By: *(signed: Carolyn Shore, Sec.)* |

375790.1

6

May 13, 06

**DONOVAN | HATEM LLP**
*counselors at law*

Paul G. Boylan
617 406 4513 direct
pboylan@donovanhatem.com

May 18, 2006

To All Counsel of Record:

    Andrew V. Buchsbaum, Esq.
    Bertram E. Snyder, Esq.
    Thomas E. Clinton, Esq.
    David D. Dowd, Esq.
    Samuel M. Furgang, Esq.

RE:   Kinsella, *et al.* v. Wyman Charter, *et al.*, D. Mass., C.A. No. 04-11615-NMG;
       Kinsella, *et al.* v. Insurance Co. of N.A., et al., D. Mass., C.A. No. 05-10232-NMG.

Dear Counsel:

    I am enclosing to all counsel, with an original to Andy Buchsbaum, the Settlement Agreement And Mutual Release signed by the Shore parties, including Toad Hall, to be held in escrow pending execution and exchange of all settlement documents among all parties.

                           Sincerely,

                           Paul G. Boylan

PGB/jmd.
Enclosure.
24100.1//01003073.

cc:   Kevin G. Kenneally, Esq.

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

BOSTON | NEW YORK