UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF EASTERN MASSACHUSETTS

_____
JOSEPH A. KINSELLA, et al.             )
       Plaintiffs,                         )
  v.                                   )
WYMAN CHARTER CORP.,                   )  CIVIL ACTION NO. 04-11615-NMG
MICHAEL P. WYMAN, JOSEPH SHORE,        )  (JUDGE NATHANIEL M. GORTON)
CORD SHORE, CARYLYN SHORE, et al.      )
       Defendants.                         )
_____)

**OPPOSITION TO PLAINTIFFS' MOTIONS TO REOPEN**
**THIS CASE AND ENTER JUDGMENT**

Defendants Joseph J. Shore, Cord Mitchell Short, Caralyn Shore and Toad Hall Corp. (collectively the "Shore defendants"), oppose the motion ("Motion") by the plaintiff, Joseph Kinsella, individually, as administrator and personal representative of the Estate of Katherine Kinsella, and on behalf of the distributees of the Estate of Katherine Kinsella (collectively the "plaintiff"), to (i) reopen this action, (ii) assert breach of the settlement as to disputed terms, and (iii) enter judgment against the Shore defendants.

In support of this Opposition, the Shore defendants state as follows:

**Background**

This civil action was resolved by a multiparty settlement negotiated primarily in the course of a mediation on February 28, 2006 and subsequently finalized after communications among various parties over several weeks culminating in an agreement on or about March 29, 2006. The basic terms of a written multiparty settlement agreement were thereafter set forth in a multiparty settlement document circulated among the parties which was executed, on information, at various dates in May, 2006 by the various parties. Before execution was

completed, on April 24, 2006, a Stipulation of Dismissal was filed by all parties.  *See* Tab A.  This civil action on information was closed on or about May 12, 2006.

The settlement agreement does not provide, as to any party, any specific provision as to the date or timing of payment of the allocated portions of the settlement funds.  The various amounts of settlement funds were agreed to be paid after lengthy negotiations and discussions by all parties on February 28, 2006 in the mediation.  Several payment amount adjustments were agreed over the next weeks, ending March 29th; but those did not involve the Shore defendants.  The February 28th discussions included and turned on direct communications between counsel for the plaintiff, Mr. Buchsbaum, and the Shore defendants.  *See* Tab B, Affidavit, at ¶2.  At that time, speaking directly to Mr. Buchsbaum, the Shore defendants agreed with him, and he agreed on behalf of the plaintiff, that the Shore defendants would be allowed time for the payment of their portion of the agreed settlement amount.  *See* Tab B at ¶6.  The Shore defendants are not aware that any other party discussed with Mr. Buchsbaum and the plaintiff, or agreed to, any parallel provision for extended time to pay a portion of the settlement amount.  The Shore defendants do not know when all the other settlement amounts were paid.  At least one such amount was paid by check transmitted by a party on June 2, 2006 to counsel for Kinsella after the dismissal.  *See* Tab C.

Beginning on or about June 12, 2006, Mr. Buchsbaum, as counsel for the plaintiff, demanded payment by the Shore defendants without specific suggestion as to the time sequence or time needed for a series of payments.  *See* Tab D.  The Shore defendants made clear, as was done on February 28, 2006, that the Shore defendants' portion of the payment could <u>not</u> be made in one lump sum.  *See* Tab D.  Plaintiff responded that the plaintiff "needed something concrete that is reasonable as to time" and that plaintiff did not want the timing of the payments to be left

"open ended." *See* Tab D. The Shore defendants responded in detail on June 16, 2006 in a telephone conference between counsel. The Shore defendants confirmed that conference by letter dated June 23, 2006. *See* Tab E. The Shore defendants, at that time, also transmitted to the plaintiff's attorney, as evidence of their cash flow problems, a copy of an IRS tax lien against the Shore defendants' home in the amount of $173,496.00 issued June 2, 2006. *See* Tab F. The Shore defendants do not have the ability to make payments at this time beyond the $35,000 offered to be paid July 15, 2006, if accepted, as part of an overall agreed schedule as to the timing of payments. Tab B at ¶¶3-5. The plaintiff's attorney, on June 26, rejected the schedule of payments proposed by the Shore defendants on June 16th and June 26th as being "vague" and, therefore, not acceptable. *See* Tab G.

The Shore defendants after February 28, 2006, suffered decreased income because of rain this Spring and decreased cash flow in the parking lots which are the sole source of their income Tab B, ¶3. The Shore defendants are unable to borrow funds because their combined income does not satisfy any commercial lender. Tab B, ¶5.

## Argument

I.  <u>There Is No Basis To Reopen This Case</u>

The Court dismissed this action as a result of a stipulation by the parties pursuant to a settlement. This Court granted dismissal *with prejudice* and closed this litigation on May 12, 2006, thus ending this and a related consolidated action. The plaintiff improperly requests the Court to reopen this action to grant a motion to enforce a settlement agreement. The plaintiff, however, provides no valid basis for reopening this civil action.

The Shore defendants do not dispute "[p]rudential concerns favor settlement as a preferred alternative to litigation." *Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850,

853 (1st Cir. 1987). "The court's inherent power of enforcement, however, is limited to cases pending before it." *Petition of Mal de Mer Fisheries, Inc.*, 884 F.Supp. 635, 637 (D.Mass. 1995) *citing U.S. v. Hardage*, 982 F.2d 1491 (10th Cir. 1993) (stating a trial court may only summarily enforce a settlement agreement while the litigation is pending before it); *Callie v. Near*, 829 F.2d 888 (9th Cir. 1987) (same); *AroCorp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976) (same).

"When a complete settlement has been reached and the case dismissed, enforcement of the agreement sounds in contract requiring 'its own basis for jurisdiction.'" *Id.*, *citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1675-76, 128 L.Ed.2d 391 (1994). *See also Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 536 (1st Cir. 1993) (Keeton, J. dissenting) (mootness of settled controversies); *Catullo v. Metzner*, 834 F.2d 1075, 1078 (1st Cir. 1987) (suit for breach of settlement agreement is a separate cause of action); *Hamilton v. School Committee of Boston*, 725 F.Supp. 641 (D. Mass. 1989). Only where the agreement is made part of the Order dismissing the case, "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement in the order," of dismissal does the Court have ancillary jurisdiction to enforce an agreement as to an alleged breach because such a violation would arguably constitute a violation of a Court Order. *Kokkonen*, 511 U.S. at 381, 114 S.Ct. at 1677. The Stipulation of Dismissal (Tab A), which the parties filed and this Court endorsed, contains no reference to any settlement agreement text. No text was signed as of April 24, 2006. This Court has no ancillary jurisdiction over a this alleged breach of contract action by this plaintiff.

The cases cited by the plaintiff do not provide a ground for this Court to reopen a dismissed litigation. In several, a party initiated a new or separate civil action to assert breach of a settlement agreement. *See Ismert and Assocs., Inc. v. New England Mut. Life Ins. Co.*, 801

4

F.2d 536 (1st Cir. 1986) (Motion, page 3); *Correia v. DeSimone*, 34 Mass.App.Ct. 601 (1993) (Motion, page 3). Those cases establish that the plaintiff, Kinsella, must file a new civil action for breach of contract.

Other cases the plaintiff cites are distinguishable on similar grounds. *Kroutik* (Motion, page 3) was before the Massachusetts Superior Court on a motion for summary judgment against parties who refused to dismiss the action despite a requirement to do so as part of settlement. *Kroutik v. Momentix, Inc*. 2003 Mass.Super. LEXIS 112 (Mass.Super. April 2, 2003) (*See* Tab H). The trial court judge granted summary judgment finding no valid reason for refusal to abide by the settlement. *Id.* at *11-12. In *Kroutik*, unlike this instance, liability issues were still pending as to the defendants targeted by the motion. This civil action, by contrast, is dismissed and closed.

In the *Young* case (Motion, at 4), the civil action was also still pending. One defendant filed a motion against the plaintiff to enforce the terms of a settlement agreement by which the plaintiff agreed to release the defendant from the litigation in exchange for the defendant's cooperation in prosecuting the case. *Young v. FDIC*, 103 F.3d 1180, 1186 (4th Cir. 1997). The movant did not seek to reopen the civil action.

Plaintiff's Motion has nothing to do with the underlying causes of action. The Motion rests entirely on the assertion, after close of the case, the Shore defendants have failed to make payment of a portion of a settlement amount in full on a date chosen by the plaintiff allegedly in violation of a settlement. This Court should not reopen this litigation to peremptorily rule on new issues that were never pending prior to the Dismissal. The proper recourse is for the plaintiff to initiate a civil action for breach of contract. The Shore defendants request this Court deny the plaintiff's Motion to reopen this litigation.

II.    <u>The Shore Defendants Have Valid Defenses and At a Minimum Are Entitled to An Evidentiary Hearing</u>

If the Court concludes there is authority to reopen this litigation, summary enforcement is inappropriate. The Shore Defendants are entitled to discovery and trial or, at a minimum, an evidentiary hearing.

Summary enforcement is inappropriate and the Shore defendants are, at a minimum, entitled to discovery and an evidentiary hearing because material facts are in dispute concerning the existence or terms of the alleged agreement. *Mal de Mer*, 884 F.Supp. at 638 *citing Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). *See also Russ v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510 (9th Cir. 1984) ("Summary enforcement of a settlement agreement 'is ill-suited to situations presenting complex factual issues related either to the formation or consummation of the [settlement] contract, which testimonial exploration in a more plenary proceeding is apt to satisfactory resolve"). Similarly, summary enforcement is also inappropriate where there is a dispute whether a party's attorney had authority to enter into a settlement. *Mal de Mel*, 884 F.Supp. at 638 (citations omitted). The Shore defendants assert Mr. Buchsbaum was authorized to bind the plaintiff.

Before enforcing an alleged agreement, the court must specifically find that an agreement has been reached on all material terms, and that the identified agreement is breached. *Flebotte v. Dow Jones & Co.*, 2001 U.S. Dist. LEXIS 21327, *8 (D.Mass. June 28, 2001) *citing Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). Where a genuine dispute of material fact regarding the existence of an agreement or terms of the agreement exists, summary enforcement is inappropriate. *Id.* at *8-9, *citing Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 2001) (Court granted summary enforcement where the plaintiffs did not dispute the terms of the settlement and did not dispute that their attorneys had authority to enter into settlement). In

6

*Flebotte*, the plaintiff argued there was no meeting of the minds as the plaintiff believed the defendant's evidence had been gathered appropriately, and the plaintiff later determined the defendant gathered evidenced inappropriately which would not have been permitted at trial. *Id*. at *10-11. The court ruled the plaintiff had sufficient access to all necessary information, and thus there was no dispute over the existence of material terms. *Id*. at *12.

Part of the viable issue here is whether the Shore defendants are aggrieved by Kinsella's breach of contract. Plaintiff was aware during settlement negotiations that the Shore Defendants would be unable to make any settlement payment immediately and not able to pay in one payment. Tab B, ¶2. The plaintiff has agreed some schedule was agreed and is needed. Tabs D, G. It was agreed that the Shore defendants' payments would be made over time. The Shore defendant's cash flow is seasonal and dependent on fair weather and tourists. Plaintiff, through his attorney, agreed, as part of settlement with the Shore defendants that the Shore defendants' payments would be made over time, with details of the schedule to be worked out based on the Shore defendants' specific situation. Tab B, ¶¶1-2.[1] The only allegation the plaintiff makes as to the Shore defendants' payment schedule is that the plaintiff requires a concrete schedule, and the timing of payments would not be left "open-ended." The Shore defendants are willing to do that.

The Shore defendants have offered to make one payment of $35,000 to the plaintiff and make additional payments over time on a schedule suited to reality. Torrential rains throughout the spring of 2006, decreased parking lot revenue, the sole source of funds to pay the settlement amount. Tab B, ¶3. The Shore defendants' home is the subject of an IRS tax lien. Tab B, ¶5; Tab F. The Shore defendants are unable to borrow loans due to limited income. Tab B, ¶5. These harsh facts help no one.

---

[1] The plaintiff, even without explicit agreement, permitted other defendants to pay at varying dates, some even after signing the settlement agreement.

7

The Shore defendants are entitled to a full and fair determination regarding the oral agreement reached and, in the alternative, issues of misrepresentation or deceit, estoppel as to a schedule, and reasonable reliance on the plaintiff's representations. *Larson v. Landvest, Inc.*, 19 Mass.L.Rptr. 479 ("where fraud and deceit are involved, general contractual disclaimers and exculpatory clauses … have not automatically prevented a plaintiff from litigating his reasonable reliance on the fraudulent misrepresentations in question"). The Shore defendants consented to settlement only because it included an oral agreement to pay over time. The Shore defendants are victimized by misrepresentation if that crucial, consistent, oral additional term is ignored.

Evidence of oral modification of a contract is appropriate to determine whether the terms of a written settlement agreement. "Evidence relating to the oral modification of the contract by the parties was rightly admitted notwithstanding its provision that none of its terms be altered or waived except by written instrument." *Costonis v. Medford Hous. Auth.*, 343 Mass. 108 (1961), *citing Staples Coal Co.* v. *Ucello*, 333 Mass. 464, 468 (1956).

This plaintiff is bound to its promise to allow the Shore defendants to pay their portion of the settlement over time. The lack of a detailed schedule provision in the written multiparty settlement agreement is not a defense. The specific schedule promise ran solely to the Shore defendants. Other defendants delivered funds long after execution of the written settlement agreement, with no formal schedule, long after the dismissal. *See* Tab C. The plaintiff does not deny the oral agreement with the Shore defendants as to a schedule. That agreement merits enforcement.

The explicit promise of time to pay induced the Shore defendants promise. Tab B, ¶2. "In the realm of fact it is entirely possible for a party knowingly to agree that no representations have been made to him, while at the same time believing and relying upon representations which

8

in fact have been made." *Sheehy v. Lipton Indus., Inc.*, 24 Mass. App. Ct. 188, 193 (1987) *citing Bates v. Southgate*, 308 Mass. 170, 182 (1941).[2]  "The same public policy that in general sanctions the avoidance of a promise obtained by deceit strikes down all attempts to circumvent that policy by means of contractual devices." *Id*.

Plaintiff cannot, without self-defeat, assert this dispute as to schedule involves promises certain not to be performed within one year and, therefore, within the Statute of Frauds.  Even if plaintiff did assert that, there are sufficient grounds on which to enforce this agreement alleged by the Shore defendants.  Massachusetts courts have held that "a plaintiff may enforce a contract that falls within the Statute of Frauds which has been modified by an oral agreement to extend the time for performance, even though the plaintiff must rely on that extension to show his own compliance with the contract terms."  *Rex Lumber Co. v. Acton Block Co., Inc.*, 29 Mass. App. Ct. 510, 515 (1990) *citing Stearns* v. *Hall*, 9 Cush. 31 (Mass. 1851).  *See also Moskow* v. *Burke*, 255 Mass. 563, 566-567 (1926); *Siegel* v. *Knott*, 316 Mass. 526, 528-529 (1944); *Johnson* v. *Kelley*, 342 Mass. 724, 726 (1961); *Younker* v. *Pacelli*, 354 Mass. 738, 741 (1968); *Wesley* v. *Marsman*, 393 Mass. 1003, 1004 (1984); *American Oil Co.* v. *Katsikas*, 1 Mass. App. Ct. 437, 439-440 (1973).  "Thus, an oral agreement … to an extension of the closing date would have the legal effect of modifying that term of the written [agreement]." *Id*.  Estoppel and misrepresentation also defeat any Statute of Frauds defense by the plaintiff.

The record shows genuine disputes over the schedule of the Shore defendants' payment for their portion of settlement.  The Shore defendants are entitled to discovery and trial.  Summary enforcement is unsupportable.

The Shore defendants request this Court deny the plaintiff's motions.

---

[2] *See also John A. Frye Shoe Co. v. Williams*, 312 Mass. 656, 661 (1942); *V.S.H. Realty, Inc.* v. *Texaco, Inc.*, 757 F.2d 411, 418 (1st Cir. 1985).

**Conclusion**

The Shore defendants request this Court deny the plaintiff's motions to reopen this litigation and decline to summarily enforce the terms of an alleged settlement and decline to enter judgment against the Shore defendants.

>   Defendants,
>   TOAD HALL CORP., *et al.*,
>   By their attorneys,
>
>   _____
>   Paul G. Boylan, BBO No.052320
>   Douglas M. Marrano, BBO No.644030
>   DONOVAN HATEM LLP
>   Two Seaport Lane
>   Boston, MA  02210
>   617-406-4500

Dated: July 13, 2006

**Certificate of Service**

The undersigned counsel for defendants **Toad Hall**, *et al.*, today gave notice of the foregoing document, by e-mail and first-class mail to counsel for plaintiff **Kinsella,** Andrew V. Buchsbaum, Friedman & James LLP, 132 Nassau Street, New York, NY 10038; counsel for plaintiffs **Kinsella,** *et al*. in the wrongful-death action, Sarah B. Herlihy, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA  02111.

>   /s/ Douglas Marrano
>   Douglas Marrano

01015331.DOC