UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., et al.<br><br>    Defendants.<br><br>    v.<br><br>Rory Vandamme and Martin Mahon,<br><br>    Third-Party Defendants. | Civil Action No.: 04-11615-NMG |

## PLAINTIFF'S MOTION TO FILE A REPLY DECLARATION TO THE SHORE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENTER JUDGMENT

Plaintiff Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased, hereby moves for leave to file a Reply Declaration in Further Support of Its Motion to Enter Judgment Against Defendants Joseph J. Shore, Cord Mitchell Shore, Caralyn Shore & Toad Hall Corp. (collectively, the "Shore Defendants"), jointly and severally, in the form annexed hereto. In support of this Motion, Plaintiff states that the proposed Reply Declaration is necessary to provide the Court with complete factual information and legal analysis in response to several points raised in the Shore Defendants' Opposition Memorandum. Among those issues that require a response is the Shore Defendants' specious claim that the Plaintiff is bound by an alleged oral promise regarding payment terms. Not only is

the Shore Defendants' representation that Plaintiff's counsel agreed to accept payment from them over an extended period of time incorrect as a matter of fact, the fully integrated Settlement Agreement and Mutual Release, which may by its terms be modified only in writing, is a complete bar to this argument. Additionally, the Reply Declaration addresses the Shore Defendants' argument that this Court should not reopen this case, which is incorrect as a matter of law and, if countenanced, would result in extraordinary judicial inefficiency.

WHEREFORE, Plaintiff respectfully requests permission to file a Reply Declaration in the form annexed hereto on or before July 26, 2006. A hearing on Plaintiff's Motion to Enter Judgment is scheduled for July 27, 2006.

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

Plaintiff's counsel has conferred with counsel for the Shore Defendants on whether the Shore Defendants assent to this Motion. The Shore Defendants object to this Motion.

Dated: July 24, 2006

                                            Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella,

                                            By their attorneys,

                                               /s/ Andrew V. Buchsbaum
                                          Andrew V. Buchsbaum*
                                          Friedman & James LLP
                                          132 Nassau Street
                                          New York, NY 10038
                                          (212) 233-9385
                                          (212) 619-2340 (facsimile)

                                          *admitted pro hac vice

      /s/ Sarah B. Herlihy
Sarah B. Herlihy, BBO #640531
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic notice and first class mail on July 24, 2006.

_____
Andrew V. Buchsbaum

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph A. Kinsella, as Administrator and personal representative of the Estate of Katherine Kinsella, and Joseph A. Kinsella, individually and on behalf of all distributees of Katherine Kinsella, deceased,<br><br>          Plaintiff<br><br>          v.<br><br>Wyman Charter Corp., Michael P. Wyman, Joseph Jay Shore, Cord Mitchell Shore, Caralyn Shore, Toad Hall Corp., Ian McColgin, the Motor Vessel "Sea Genie II," her engines, tackle and appurtenances, in rem, the Sailing Vessel "Granuaile," her engines, tackle and appurtenances, in rem,<br><br>          Defendants.<br><br>          v.<br><br>RORY VANDAMME and MARTIN MAHON,<br><br>          Third-Party Defendants. | Civil Action No.: 04-11615-NMG |

**REPLY DECLARATION OF ANDREW V. BUCHSBAUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO ENTER JUDGMENT AGAINST DEFENDANTS JOSEPH J. SHORE, CORD MITCHELL SHORE, CARALYN SHORE & TOAD HALL CORP.**

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )

        ANDREW V. BUCHSBAUM, hereby declares as follows pursuant to 28 U.S.C. § 1746:

1.  I am the attorney for plaintiff Joseph Kinsella in the above-captioned matter.

2.  On February 28, 2006, I attended a full day mediation in Boston, Massachusetts at the offices of Mintz, Levin in the above-captioned matter before mediator Brian Flanagan, Esq. Members of the Kinsella family were present from Ireland along with Joseph Shore, Cord Mitchell Shore, Caralyn Shore and their attorney, Paul G. Boylan, Esq.

3.  At no time during the mediation or at any time thereafter did any of the Shore Defendants (or their attorney) indicate to me that payment terms were required in order for them to pay their portion ($105,000) of the settlement. In fact, at no time during the mediation (or at any other time) did I ever speak to any of the Shore Defendants other than to introduce myself and my clients.

4.  Significantly, although the Shore Defendants were represented by competent counsel, the Settlement Agreement contains no schedule for payments to be made by the Shore Defendants other than as a lump sum.

5.  Additionally, the Settlement Agreement states that it "has been fully negotiated by all the Parties and constitutes the entire agreement of the parties pertaining to the subject matter contained herein;" that it "supersedes all prior agreement whether written or oral;" and that it "may not be altered amended or modified in any way whatsoever, except by a writing duly signed by all parties." See Exhibit 1 to plaintiff's initial moving papers.

6.  At no time did I ever agree orally (much less in writing) to modify the lump sum payment term contained in the Settlement Agreement.

7.  As evidence of the Shore Defendants continued bad faith, although a $35,000 payment had been suggested by the Shore Defendants to be made on or before July 15,

2

2006, no such payment has been received. In addition to the Shore Defendants failure to pay their portion of the settlement, the Court should recall that on June 10, 2004, both Joseph J. Shore and Cord Mitchell Shore pled guilty to two counts each of violations of 18 U.S.C. §1115, the seaman's manslaughter statute, in connection with the death of Catherine Kinsella.

8. Although there is no dispute whatsoever that the Shore Defendants voluntarily entered into the Settlement Agreement as written, they would now have this Court require a separate lawsuit to enforce the terms of the Settlement Agreement. Obviously, this tactic has been employed to further delay the final resolution of this matter and should be rejected by the Court. Simply put, there is nothing in dispute and judgment should enter forthwith.

9. Moreover, this Court's Settlement Order of Dismissal (docket entry #56), entered May 17, 2006, specifically envisioned reopening the instant matter, "without prejudice to the right of any party upon good cause shown within forty-five (45) days to reopen the action if settlement is not consummated." Diversity jurisdiction, alleged as the basis of subject matter jurisdiction in the Complaint, still exists inasmuch as the instant dispute is among citizens of Massachusetts and those of a foreign nation and the amount in controversy exceeds $75,000. The stipulation of dismissal referenced by the Shore Defendants was never filed in this action.

10. The Kinsella family did **not** enter into this Settlement Agreement with the expectation that they would become partners with the Shore Defendants in the operation of their parking lot, depending on such vagaries as weather to receive payment from the Shore Defendants. This Court also should not engage in such an exercise. The Shore Defendants have had almost five (5) months since the mediation to pay the Kinsella family, and there is no

assurance that payment will be voluntarily forthcoming. Accordingly, judgment should enter without delay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2006

_____
Andrew V. Buchsbaum

4